## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL ANTHONY LYNCH,<br><br>          Plaintiff,<br><br>    v.<br><br>COINMASTER USA, INC., a Delaware<br>corporation, and PAUL A. COX,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 06C-04-038-CHT<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL
### BY DEFENDANT PAUL A. COX

1.     Paul A. Cox ("Defendant") is a named defendant in the above-captioned action, which was commenced on April 5, 2006, in the Superior Court for the State of Delaware, New Castle County, Civil Action No. 06C-04-038 (CHT). Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this action to the United States District Court for the District of Delaware, which is the judicial district in which the action is pending.

2.     This is an action of a civil nature in which the District Courts of the United States have been given jurisdiction based on diversity of citizenship within the meaning of 28 U.S.C. § 1332.

3.     The bases for relief asserted by the Plaintiff in its action arise out of factual allegations related to various corporate and business transactions between and among Plaintiff, the Defendants and various third parties.

4.    This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code.  On or about, April 26, 2006, the Removing party was served with a summons through the Long Arm Statute at the Division of Corporations Secretary of State and forthwith on May 8, 2006 by and through the US mail at his home in Florida. Accordingly, this Notice of Removal is filed within 30 days of Defendant's receipt of the summons and complaint and is timely under 28 U.S.C. § 1446(b).

5.    Pursuant to the provisions of 28 U.S.C. § 1446(a), annexed hereto as Exhibit A to this Notice and incorporated by reference, are copies of all the available process, pleadings and orders served on Defendant prior to removal of this action.

6.    Written notice of the filing of this Notice of Removal, the exhibits thereto and the Notice of Filing of Notice of Removal was, or will be, given to Plaintiff's counsel by facsimile delivery, by electronic and regular mail delivery this 31st day of May, 2006.  A copy of said Notice of Filing of Notice of Removal, which has been or will be filed with the Clerk of the Court of the Superior Court of the State of Delaware, New Castle County, is attached hereto as Exhibit B.

WHEREFORE, Defendant respectfully prays that this action be removed from the Superior Court of the State of Delaware, New Castle County, to this Honorable Court.

Dated: May 31, 2006

COOPER LEVENSON APRIL NIELDELMAN & WAGENHEIM, P.A.

By: _____
Erin K. Brignola, Esquire (#2723)
30 Fox Hunt Drive
Bear, DE 19701
(302) 838-2600

*Attorneys for Defendant Paul A. Cox*

2

# EXHIBIT A

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| DANIEL ANTHONY LYNCH,<br><br>Plaintiff,<br><br>v.<br><br>COINMASTER USA, INC.,<br>a Delaware corporation, and<br>PAUL A. COX,<br><br>Defendants. | C.A. No. _OGC · O4 · O38 · CHT_<br><br>JURY TRIAL DEMANDED<br><br>NON-ARBITRATION |

## COMPLAINT

### Introduction

1. Defendant, Coinmaster USA, Inc. ("Coinmaster") is a Delaware corporation, incorporated on January 10, 2001. Coinmaster is in the business of renting by participation electronic casino games, focusing its business in the California Native American Tribal casinos market. It is licensed to do business by numerous Tribal authorities and the State of California. Defendant, Paul A. Cox ("Cox"), and Plaintiff, Daniel Anthony Lynch ("Lynch"), have been Directors of Coinmaster since its inception. Cox was, and is, also a shareholder of Coinmaster. Lynch owned and controlled Coinmaster Gaming PLC ("CG"), a company based in the United Kingdom, which was the majority shareholder of Coinmaster for approximately the first three years of Coinmaster's existence. CG went into receivership on March 1, 2003.

### The Parties

2. Plaintiff Lynch is a British foreign national residing at 134 The Aspect, Queen Street, Cardiff CF102GP, Wales, United Kingdom.

3.    Defendant Coinmaster is a Delaware corporation. Coinmaster's registered agent is Delaware Intercorp, Inc., 113 Barksdale Professional Center, Newark, Delaware 19711.

4.    Defendant Cox is a British foreign national residing at 15 Colonial Drive, Cocoa Beach, Florida. Cox can be served pursuant to Delaware long arm statutes 10 Del. C. §§ 3104 and/or 3114.

Background

5.    Lynch has been, throughout his working career, a shareholder and director of manufacturing companies associated with the amusement gaming industries. Lynch was the CEO and majority shareholder of CG, which was formed in 1980. Lynch specializes in designing gaming machines and opening new markets for those machines.

6.    Cox was the CEO of Bell Fruit Ltd., a company supplying amusement and pub gaming machines to the British pub industries. Cox was employed by Bell Fruit Ltd. to expand its business by natural growth and acquisition in the 1980s, which is how Cox and Lynch met.

7.    In the late 1990s, Lynch decided to expand into the United States Native American gaming market. On a visit to Cox, Lynch informed Cox of his expansion plans. Cox expressed an interest in becoming involved in the expansion plan and Lynch offered a 10% interest, if Cox would act as director of the new company - Defendant Coinmaster USA, Inc.. Cox accepted and was requested to form the corporation. Coinmaster was then duly incorporated in Delaware.

8.    Coinmaster was incorporated in Delaware on January 10, 2001.

9.    On November 5, 2001, Lynch was elected as one of three members of Coinmaster's Board of Directors along with Cox and Rory Allin ("Allin"). Also, on November 5, 2001, Lynch was elected as Chairman of the Board of Directors of Coinmaster and Cox was elected as President.

2

10. On November 8, 2002, Lynch was re-elected at the Annual Meeting of Stockholders as a member of Coinmaster's Board of Directors and as Chairman of the Board of Directors, both for three-year terms.

11. On November 8, 2002, at the 2002 Annual Meeting of the Board of Directors of Coinmaster, service agreements for Lynch and Cox were reviewed and approved by the Board.

12. On November 15, 2002, Lynch and Coinmaster executed a contract ("Contract") for Lynch's service as Chairman of Coinmaster effective December 1, 2002. A true and correct copy of the Contract is attached hereto as Exhibit "A".

13. The Contract required Coinmaster to pay Lynch $8,000 a month for year 2003, $12,000 a month for year 2004, and $14,000 a month for year 2005. Beginning in January 2006, Lynch's monthly pay scale would increase 5% per month annually. (Contract ¶ 2).

14. Pursuant to the Contract, Lynch was entitled to an annual bonus of 5% of Coinmaster's net profit each year and was entitled to participate in Coinmaster's stock option plan. (Contract ¶¶ 3, 5)

15. If Coinmaster terminated Lynch for any reason, or changed his position in the organization at any time, Lynch was entitled to a payout from Coinmaster of $500,000 in 2003, $600,000 in 2004, $700,000 in 2005, and $800,000 thereafter. (Contract ¶ 6) The contractual payout was due in full on the date of termination. (Contract ¶ 6) Also, in case of termination, Lynch was entitled to retain rights to all stock options accrued and was entitled to his earned annual bonus on a pro rata monthly basis. (Contract ¶ 6)

16. The Contract provides that it is to be interpreted under the laws of the State of Delaware. (Contract ¶ 7)

3

17. CG experienced financial difficulties due in part to technical difficulties with communication of on-line systems and software test approvals. CG went into receivership in the United Kingdom and CG's bank appointed a receiver on March 1, 2003. Thereafter, Lynch resigned from CG, and the Receiver offered for sale CG's shareholder interest in Coinmaster.

18. Cox, Lynch, and Brad Hutcheon ("Hutcheon"), a Coinmaster employee, agreed to purchase CG's interest in Coinmaster and to split the total ownership of Coinmaster three ways among Cox, Lynch, and Hutcheon. Despite this agreement, Cox proceeded to make intentional misrepresentations to the Receiver, the State of Delaware, and the casino gaming industry, as well as to Lynch and Hutcheon, with the intent to defraud them and to put Cox into a better position to purchase the CG shares of Coinmaster on his own.

19. Cox misrepresented Lynch's status with Coinmaster. At times, Cox represented to State and Tribal authorities and the Receiver, that Lynch had resigned from Coinmaster and was no longer affiliated with the company. This representation was false. At other times, Cox represented that Lynch was still the Chairman of Coinmaster whenever it was convenient for Cox's self-interest.

20. On June 3, 2003, without Lynch's knowledge or consent, Cox illegally submitted a gaming application ("Application") for a Tribal Gaming Vendor License with the Santa Ynez Tribal Gaming Agency purportedly made and signed by Lynch.

21. Cox forged Lynch's signature on the Application and caused that forged signature to be illegally notarized by Allison Kellie Baker ("Baker"), Cox's business associate and Florida Notary Public. On information and belief, Cox has forged numerous other applications in the same or similar manner.

4

22.  The forged Application authorized the U.S. Government and Tribal authorities to launch an investigation into Lynch's personal and business history.

23.  Cox used the forged Application(s), and other misrepresentations regarding Lynch in order to obtain the best possible deal to purchase CG's Coinmaster shares held by the Receiver, and to ward off potential third-party purchasers, making a management buyout more attractive and, ultimately, a reality.

24.  On or about August 10, 2004, Coinmaster terminated Lynch as a member and Chairman of the Board of Directors of Coinmaster, thus triggering the payment provisions of Paragraph 6 of the Contract.

25.  On the date of the termination, Coinmaster owed Lynch $144,000 in outstanding monthly pay, $600,000 in termination fee, 5% of Coinmaster's accrued profits, and stock options Lynch earned to date according to the terms of the Contract.

26.  As a result of Cox's misrepresentations, Cox was able to acquire a 60% shareholder interest in Coinmaster and to exclude Lynch.

27.  As a result of Cox's forgery, and other misrepresentations, Lynch was damaged in that he was denied a one-third interest in Coinmaster, denied a full opportunity to compete in the California casino market, and injured in his reputation and business standing.

## Count I
## (Breach of Contract)

28.  Plaintiff repeats and realleges the Paragraphs above as if set forth at length herein.

29.  Lynch and Coinmaster were bound by the terms of the Contract.

30.  Coinmaster breached the Contract when it terminated Lynch and failed to pay him all sums due and owing to him on the date of termination, plus all profits and stock options, to which he was entitled under the Contract.

5

31. As a result of Coinmaster's breach of the Contract, Lynch was damaged in an amount not less than $744,000 in salary and termination fee, plus profits and stock options in Coinmaster.

## Count II
## (Deceptive Trade Practices)

32. Plaintiff repeats and realleges the Paragraphs above as if set forth at length herein.

33. Cox made false representations to the Receiver, Tribal authorities, and Lynch, representing that Lynch had resigned from Coinmaster, that the forged Application was authentic and that Lynch had actually made the forged Application, and that the Receiver required Lynch to resign from Coinmaster.

34. Cox, by his above mentioned actions, violated the Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531, et seq., by engaging in a deceptive trade practice when, in the course of a business, vocation, or occupation, he:

(2) Caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) Caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

***

(5) Represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they did not have, or that a person had a sponsorship, approval, status, affiliation, or connection that the person did not have;

***

(8) Disparaged the goods, services, or business of another by false or misleading representation of fact;

***

(12) Engaged in any other conduct which similarly created a likelihood of confusion or of misunderstanding.

35. Cox's conduct also constitutes unfair trade practices actionable at common law.

6

36. As a result of Cox's deceptive and unfair trade practices, Lynch was damaged.

## Count III
## (Intentional Interference with Prospective Business Relations)

37. Plaintiff repeats and realleges the Paragraphs above as if set forth at length herein.

38. Lynch had reasonable probability of business opportunities with the casino gaming industry.

39. Cox intentionally interfered with those opportunities by misrepresentation to the Receiver and gaming authorities and by submitting an illegally forged Application to the Santa Ynez Tribal Gaming Authorities, and upon information and belief, to other gaming authorities.

40. Cox's intentional interference proximately caused damage to Lynch in that he was deprived of the opportunity to do business with the tribal authorities, and was deprived of the opportunity to purchase CG's stock in Coinmaster.

## Count IV
## (Fraud)

41. Plaintiff repeats and realleges the Paragraphs above as if set forth at length herein.

42. Cox's false representations to the Receiver of CG caused the Receiver to sell CG's stock in Coinmaster to Cox.

43. Cox misrepresented to Lynch the nature and content of his communications to the CG Receiver and misrepresented his intent to split the shareholder interest in Coinmaster with Lynch.

44. In justifiable reliance on Cox's misrepresentations, Lynch did not pursue the purchase of CG's stock in Coinmaster on his own, but relied upon Cox to purchase the stock as they had agreed.

7

45. As a direct and proximate result of Cox's misrepresentations, Lynch suffered damage in that he was wrongfully deprived of as one-third ownership interest in Coinmaster.

WHEREFORE, Plaintiff Lynch demands judgment as follows:

1. For compensatory damages for breach of contract in an amount not less than $744,000, plus 5% of the net profits of Coinmaster and all stock options to which he is entitled under the Contract;

2. For compensatory damages incurred by Lynch as a result of Defendants' fraud, deceptive trade practices and intentional interference with prospective business relations;

3. For a declaratory judgment that he is entitled to a one-third share ownership in Coinmaster;

4. For punitive and/or treble damages;

5. For reasonable attorneys' fees and Court costs;

6. For pre and post judgment interest on all sums awarded; and

7. For such other and further relief as the Court deems just and the circumstances warrant.

SEITZ, VAN OGTROP & GREEN, P.A

/s/ James S. Green

JAMES S. GREEN, ESQ. (DE0481)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600
          Attorneys for Plaintiff

Dated: April 4, 2006

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| DANIEL ANTHONY LYNCH, | ) |
| | ) C.A. No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| COINMASTER USA, INC., | ) |
| a Delaware corporation, and | ) NON-ARBITRATION |
| PAUL A. COX, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF VALUE

I, James S. Green, attorney for Plaintiff, hereby certify in good faith at this time in my

opinion that the sum of damages is in excess of $100,000.00 exclusive of costs and interest.

SEITZ, VAN OGTROP & GREEN, P.A

/s/ James S. Green

JAMES S. GREEN, ESQ. (DE0481)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600
Attorneys for Plaintiff

Dated: April 4, 2006

# EXHIBIT A

**COINMASTER USA Inc.**

**3001, ALOMA AVENUE, WINTER PARK, FL 32792**

TEL 1 407 672 1250                                                      FAX 1 407 678 4751

November 15, 2002

Mr. Daniel A. Lynch
69707 Camino Pacifico ·
St. Augustine
Rancho Mirage, CA 92270

Dear Mr. Lynch,

We propose that the terms of the Agreement between yourself and Coinmaster USA Inc., for the provision of your services, as Chairman of Coinmaster USA Inc. on an expenses only basis, be amended to the following with effect from December 1, 2002. This will now take account of the extensive travelling required for you to perform your duties. Please retain all receipts for travel, in case we are ever audited.

1. This agreement will be perpetual in nature, in recognition of the value of your services to the business.

2. Your services will be provided on an as required (time) basis, and the expenses paid to yourself, will be on the following scale:

|                    |                     |
|--------------------|---------------------|
| 2003 Financial Year | $8,000 per month   |
| 2004 Financial Year | $12,000 per month  |
| 2005 Financial Year | $14,000 per month  |

You may choose to defer payment or receive payment on this basis, at your choice. This scale will be increased by 5% per month annually, beginning in January 2006.

3. You will be entitled to an annual bonus of 5% of the Company's net profit each year, as recorded by the Company's accountants. Such bonus will be paid in the month after the Company's accountants report is submitted, or later as you choose. (It must however be in the same business year.) This will be declared to the IRS as income, as required by law.

5. A stock option scheme will be put in place by January 2003, giving you a further incentive to achieve a high performance.

HEAD OFFICE, COINMASTER GAMING PRODUCTS LTD.   321 PENARTH ROAD, CARDIFF, CF11 8TT UK EUROPE
TEL +44 (0) 29 2064 9500   FAX +44 (0) 29 2064 9549
www.coinmaster-gaming.com



2

6. In the event that Coinmaster USA Inc. decides to terminate this relationship for any reason, or to change your position in the organization, at any time, compensation for this loss, to be paid to yourself, will be

| · | In the 2003 year | $500,000 |
| | In the 2004 year | $600,000 |
| | In the 2005 year | $700,000 |
| | Thereafter | $800,000 |

This obligation must be met in full, on the date of termination.

All rights to stock options accrued will be retained in these circumstances, and entitlement to annual bonus will be on a pro rata monthly basis.

7. You may give the corporation one year's notice of your intent to terminate this agreement, at any time. Unless the corporation agrees otherwise in writing, the notice must be fully worked, and all the obligations of the corporation relating to this agreement will be terminated at the end of this notice period, with the exception of any stock option rights and any bonus due.

We trust that you will find this new basis for our relationship exciting, and we look forward to our mutual success.

Please signal your acceptance of the terms of this arrangement, by signing below and returning the original to our corporate office. The second copy is for your file.

If any part of this Agreement is found to be legally invalid, it shall not invalidate the rest of the Agreement. This Agreement shall be interpreted under the laws of the State of Delaware.

Regards,

P. A. Cox
President

I accept the terms of this proposal in full.

D. A. Lynch                                    Dated  11/17/02
Chairman
Coinmaster USA Inc.

HEAD OFFICE: COINMASTER GAMING PRODUCTS LTD.,  321 PENARTH ROAD, CARDIFF, CF11 8TT UK EUROPE
TEL: +44 (0) 29 2064 9500    FAX: +44 (0) 29 2064 9549
www.coinmaster-gaming.com



# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL ANTHONY LYNCH,                        :
                                             :
                    Plaintiff,               :          Civil Action No.06C-04-038CHT
                                             :
v.                                           :
                                             :
COINMASTER USA, INC.                         :
A Delaware corporation, and                  :
PAUL A. COX,                                 :
                                             :
                    Defendants.              :

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   The Clerk of the Superior Court of Delaware
      Prothonotary, New Castle County

      James S. Green, Esquire          Thomas P. Preston, Esquire
      Attorney for Plaintiff           Attorney for Defendant—Coinmaster USA, INC
      222 Delaware Ave.; Ste. 1500     1201 N. Market St., Ste. 800
      Wilmington, DE 19899             Wilmington, DE 19801-4226

PLEASE TAKE NOTICE that on May 31, 2006, Paul A. Cox, who is named as one of

the Defendants in the above entitled action filed a Notice of Removal, a copy of which is

annexed hereto, of the above entitled action to the United States District Court for the District of

Delaware.

                              COOPER LEVENSON APRIL NIEDELMAN
                              & WAGENHEIM, P.A.

                              By:  __/s/ Erin K. Brignola_____
                                   Erin K. Brignola, Esquire (2723)
                                   30 Fox Hunt Drive
                                   Bear, DE 19701
                                   (302) 838-2600
                                   Attorneys for Defendant- Paul A. Cox

Dated:  May 31, 2006
CPAC; 600145.1



30 Fox Hunt Drive

Fox Run Shopping Center

Bear, DE 19701

Phone 302-838-2600

Fax 302-838-1942

www.cooperlevenson.com

Direct Phone (302) 838-2600
Direct Fax (302) 838-1942

FILE NO.:

ERIN K. BRIGNOLA
EMAIL: ebrignola@cooperlevenson.com

May 31, 2006

Clerk-Prothonotary
Superior Court of Delaware
500 North King Street
Wilmington, DE 19801

    Re:   Daniel Anthony Lynch. v. Coinmaster USA, Inc. and Paul A. Cox
          Docket No. 06C-04-038 CHT

Dear Sir/Madam:

    Enclosed herewith please find an original and one copy of a Notice of filing of Notice of Removal and Notice of Removal, together with attachments. Please file the original and return a "filed" copy to me.

    If there is a charge for this filing, please contact our office.

                    Very truly yours,

                    ERIN K. BRIGNOLA, Esquire (2723)
                    Attorney for Defendant- Paul A. Cox

EKB\bb
Enc.
cc:Thomas P. Preston, Esquire
    James S. Green, Esquire

CPAC; 600284.1

COOPER  LEVENSON  APRIL  NIEDELMAN  &  WAGENHEIM, P.A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.06C-04-038 CHT |
| v. | : | |
| | : | |
| COINMASTER USA, INC. | : | |
| a Delaware corporation, and | : | |
| PAUL A. COX, | : | |
| | : | |
| Defendant. | | |

### CERTIFICATE OF FILING AND SERVICE

I, Erin K. Brignola, Esquire, attorney for the removing party, Paul A. Cox, herein certify that on

May 31, 2006, said Defendant in the above entitled action filed a Notice of Removal, a copy of which is

annexed hereto, of the above entitled action to the United States District Court for the District of

Delaware.

I, hereby further certify that the removing defendant, on filing such Notice of Removal in the

Office of the Clerk of the United States District Court for the District of Delaware., also filed copies

thereof with the Clerk of the Superior Court of Delaware, Prothonotary, 500 N. King St., Wilmington, DE

19801, and that I caused a copy of Notice of Removal to be served upon James S. Green Esquire, attorney

for the Plaintiff at SEITZ, VAN OGTROP & GREEN, P.A., 222 Delaware Ave., Suite 1500,

Wilmington, DE 19899 and to Thomas P. Preston, Esquire, attorney for Coinmaster USA, Inc. at

BLANK ROME, LLP, Chase Manhattan Centre, Suite 800, 1201 N. Market St., Wilmington, DE 19801-

4226 to effect removal pursuant to 28 U.S.C. §1446(d).

I hereby further certify, pursuant to 28 U.S.C. §1746 under penalty of perjury, that the foregoing

statements made by me are true and correct.

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.

By: _/s/ Erin k. Brignola_
　　Erin K. Brignola, Esquire (2723)
DATED: May 31, 2006　　　　　　　　30 Fox Hunt Drive
　　　　　　　　　　　　　　　　　　　Bear, De 19701
　　　　　　　　　　　　　　　　　　　(302) 838-2600
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant- Paul A. Cox

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL ANTHONY LYNCH

**DEFENDANTS**
COINMASTER USA, INC. a DELAWARE Corp,
and PAUL A. COX

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James S. Green, Esq.
P.O. Box 68, Wilmington DE 19899 [888-0600]

Attorneys (If Known) Thomas P. Preston, Esq. [425-6478]
Erin K. Brignola, Esq. [838-2600]

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332
Brief description of cause:
Alleged breach of contract, Alleged conspiracy, Alleged Fraud

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
5-31-06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.        Example;        U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

**JS 44**  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL ANTHONY LYNCH

**DEFENDANTS**
COINMASTER USA, INC. a DELAWARE corp., and PAUL A. COX

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James S. Green, Esq.
P.O. Box 68, Wilmington DE 19899 [888-0600]

Attorneys (If Known) Thomas P. Preston, Esq. [425-6478]
Erin K. Brignola, Esq. [838-2600]

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC section 1332
Brief description of cause:
Alleged breach of contract, Alleged conspiracy, Alleged Fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

**JUDGE**

**DOCKET NUMBER**

**DATE**
5-31-06

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 3 6 5 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____5-31-06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

*Erin K. Brignola, Esq (2723)*
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action