IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL ANTHONY LYNCH, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 06-365 |
| vs. | : |
| | : **JURY TRIAL DEMANDED** |
| COINMASTER USA, INC., a Delaware | : **NON-ARBITRATION** |
| corporation, and PAUL A. COX, | : |
| | : |
| Defendant. | : |

---

## ANSWER, DEFENSES, COUNTERCLAIMS,

## CROSSCLAIM AND THIRD-PARTY COMPLAINT

---

Defendant, Paul A. Cox ("Cox") by way of Answer to the Complaint filed on behalf of Plaintiff, Daniel Anthony Lynch ("Lynch") says:

### INTRODUCTION

1.    Admitted that Defendant, Coinmaster USA, Inc. ("CUSA"), is a Delaware corporation whose business includes developing and renting electronic casino games and that is licensed to and does do business in among other places the State of California and at California Native American Tribal Casinos and that Cox was and is a shareholder of CUSA.  Denied that Lynch was a Director of CUSA since its inception. As to the remaining allegations, Cox is without sufficient knowledge or information to ascertain the veracity of such allegations and therefore denies same leaving Lynch to

his proofs.    Hereinafter, such a response will be indicated by the answer: "Denied/Proofs".

## THE PARTIES

2.    Denied/Proofs.

3.    Admitted.

4.    Admitted that Cox is a British foreign national who currently resides in Florida.  As to the remaining allegations:  Denied/Proofs.

## BACKGROUND

5.    Denied that Coinmaster Gaming PLC ("CG") was formed in 1980.  As to the remaining allegations: Denied/Proofs.

6.    Admitted.

7.    Admitted only that Lynch approached Cox and requested that he become involved in the CUSA activities in the United States, to which Cox agreed, in exchange for a ten percent (10%) interest in CUSA.   As to the remaining allegations: Denied/Proofs.

8.    Admitted.

9.    Admitted.

10.    Denied/Proofs.

11.    Denied/Proofs.

12.    Denied/Proofs.

13.    Denied/Proofs.

14.    Denied/Proofs.

15.    Denied/Proofs.

16.    Admitted.

17.    Denied/Proofs.

18.    Admitted that Cox, Lynch, and Brad Hutcheon ("Hutcheon") agreed to bid for CG's interest in CUSA.  The remaining allegations are Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

## **COUNT I**

### **(Breach of Contract)**

28.    Cox repeats his responses to the paragraphs above as if set forth at length herein.

29.    Denied.

30.    Denied.

31.    Denied.

## COUNT II

### (Deceptive Trade Practices)

32.     Cox repeats his responses to the paragraphs above as if set forth at length herein.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

## COUNT III

### (Intentional Interference With Prospective Business Relations)

37.     Cox repeats his responses to the paragraphs above as if set forth at length herein.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT IV

### (Fraud)

41.     Cox repeats his responses to the paragraphs above as if set forth at length herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## **DEFENSES**

1.     The Complaint fails to state any valid or viable cause of action upon which relief may be granted.

2.     Service of the Summons and the Complaint was defective and invalid and all rights, privileges, and defenses are reserved.

3.     Lynch's claims for relief are barred by applicable statutes of limitations.

4.     Lynch's claims for relief are barred by the Doctrine of Laches.

5.     Lynch's claims for relief are barred by the Doctrine of Unclean Hands.

6.     Lynch's claims for relief are barred by the Doctrine of Estoppel.

7.     Lynch's claims for relief are barred by the Doctrine of Waiver.

8.     Lynch's claims for relief are barred because he intentionally failed to disclose to CUSA and Cox the existence and the terms and conditions of his Directors and/or Executive Services Contract with and his legal obligations to CG.

9.     Lynch's claims for relief are barred because the Directors and/or Executive Services Contract attached as Exhibit "A" to Lynch's Complaint (the "CUSA Complaint") is null and void and/or voidable for numerous reasons including but not limited to Lynch admitted that it might be in conflict with or barred by his Directors and/or Executive Services Contract with CG and he agreed that if that was the case, then the CUSA Contract would be voided.

10.     The CUSA Contract should be reformed to accurately reflect the parties' true intentions that it was to serve as, among other things, a "Poison Pill" and the stated terms of compensation manifestly bore no relationship to what was affordable to a new business venture that was unprofitable with minimal turnover.

11.     Cox breached no contractual obligations with Lynch.

12.     Cox did not act in his individual capacity and was acting as a director officer and/or an authorized representative of CUSA and at all times discharged his duties honestly, lawfully, in good faith, and in accordance with applicable fiduciary duties.

13.     Cox is not indebted to Lynch for any sum of money.

14.     Cox denies that Lynch is entitled to any sum or damages from him, but to the extent there is any such finding, Cox is entitled to damages and setoffs against Lynch.

15.     Lynch is not entitled to punitive damages against Cox nor CUSA.

16.     Cox will rely upon all defenses pled by and/or available to CUSA per controlling law and statutes and any contracts between Lynch and CUSA that might be valid and enforceable.

17.     Investigation and discovery are on-going and Cox reserves the right to assert additional defenses as may be revealed.

**WHEREFORE**, Defendant, Paul A. Cox, demands judgment dismissing the Complaint with prejudice and with an award of attorneys fees and costs together with all such further relief as the Court deems just and appropriate.

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
ATTORNEYS FOR DEFENDANT, PAUL A. COX

By: /s/ Fredric L. Shenkman

DATED:        June 28, 2006

Frederic L. Shenkman (NJ #4102)
Kevin J. Thornton (NJ #1332)
Erin K. Brignola (DE #2723)


## COUNTERCLAIM

Paul A. Cox ("Cox"), by way of Counterclaim against Daniel Anthony Lynch ("Lynch") says:

### COUNT I

### (Intentional Interference With Prospective Business Relations)

1.      High View, Inc. ("HVI"), a Delaware corporation, was formed on or about June 11, 2003 and Cox and Lynch were and are fifty percent (50%) shareholders.

2.      Cox invested in HVI which in turn invested substantial funds and human capital resources in developing and owns the rights to new six (6) and ten (10) player station roulette gaming devices (hereinafter both are referred to as the "Devices") for the specific purpose of directly and/or through Coinmaster USA Inc. ("CUSA") and/or other entities marketing and leasing same to various Native American Tribal Casinos in California and other gaming entities in the United States and elsewhere in the world.

3.      On information and belief, development proceeded as expected, and the Devices developed by HVI are ready for introduction into the gaming market in the United States and elsewhere in the world.

4.      On information and belief, Lynch absconded with all of the assets necessary for the final development and marketing of the Devices, depriving HVI and its owners and beneficiaries of the use of those assets.

5.      On information and belief, Lynch directly and/or via an entity known as AutoGaming, Inc. ("AGI"), misappropriated the Devices and HVI's assets and has sought to obtain required approvals and/or licenses from gaming laboratories, state agencies, tribal authorities, and casino management for the purpose of causing such casinos to lease the Devices.

6.      Lynch has not paid HVI for those assets, nor entered into any agreement with HVI to acquire or make any use of the Devices.

7.      There are only a limited number of casinos that need the Devices in said market and by seeking to lease them to such casinos, Lynch and AGI have interfered and continue to intentionally interfering with HVI's prospective business relations.

8.      Lynch's and AGI's intentional interference have proximately caused damage to HVI and thus to Cox's rights to and interests as a shareholder of HVI.

## COUNT II

### (Conversion)

1.      Cox repeats his allegations in paragraphs numbers 1 through 8 above as if set forth at length herein.

2.      Lynch has converted the Devices and other assets of HVI to the detriment of HVI and Cox by taking those assets for his own use and the use of AGI without permission and without paying for same.

3.      Lynch's conversion has proximately caused damage to HVI and thus to Cox's rights and interests as a shareholder of HVI.

**WHEREFORE**, Counterclaimant, Paul A. Cox, demands judgment against Daniel Anthony Lynch as follows:

(i)      for compensatory damages;

(ii)     for injunctive relief;

(iii)    for reasonable attorneys fees and costs;

(iv)     for pre and post judgment interest on all sums awarded; and

(v)      for all such further relief as the Court deems just and appropriate.

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
ATTORNEYS FOR DEFENDANT, PAUL A. COX


By:   /s/ Fredric L. Shenkman
DATED:      June 28, 2006          Frederic L. Shenkman (NJ #4102)
                                   Kevin J. Thornton (NJ #1332)
                                   Erin K. Brignola (DE #2723)

### THIRD-PARTY COMPLAINT

Paul A. Cox ("Cox") by way of Third-Party Complaint against Third-Party Defendant AutoGaming, Inc. ("AGI") says:

### COUNT I

### (Intentional Interference With Prospective Business Relations)

1.      High View, Inc. ("HVI"), a Delaware corporation, was formed on or about June 11, 2003 and Cox and Lynch were and are fifty percent (50%) shareholders.

2.      AGI is believed to be a Delaware corporation formed by Daniel A. Lynch ("Lynch") in or after 2004.

3.      Cox invested in HVI which in turn invested substantial funds and human capital resources in developing and owns the rights to new six (6) and ten (10) player station roulette gaming devices (hereinafter both are referred to as the "Devices") for the specific purpose of directly and/or through Coinmaster USA Inc. ("CUSA") and/or other entities marketing and leasing same to various Native American Tribal Casinos in California and other gaming entities in the United States and elsewhere in the world.

4.      On information and belief, development proceeded as expected, and the Devices developed by HVI are ready for introduction into the gaming market in the United States and elsewhere in the world.

5.      On information and belief, AGI absconded with all of the assets of HVI necessary for the final development and marketing of the Devices, depriving HVI and its owners and beneficiaries of the use of those assets and the Devices.

6.      On information and belief, AGI and Lynch misappropriated the Devices and HVI's assets and have sought to obtain required approvals and/or licenses from

gaming laboratories, state agencies, tribal authorities, and casino management for the purpose of causing such casinos to lease the Devices.

7.    AGI has not paid HVI for those assets, nor entered into any agreement with HVI to acquire or make any use of the Devices.

8.    There are only a limited number of casinos that need the Devices in said market, and others, and by seeking to lease them to such casinos, AGI and Lynch have intentionally interfered and continue to intentionally interfere with HVI's prospective business relations.

9.    AGI and Lynch's intentional interference have proximately caused damage to HVI and thus to Cox's rights to and interests as a shareholder of HVI.

## COUNT II

### (Conversion)

1.    Cox repeats his allegations in Paragraphs Nos. 1 through 9 above as if set forth at length herein.

2.    AGI has converted the Devices and other assets of HVI to the detriment of HVI and Cox by taking those assets for its own use without permission and without paying for same.

3.    AGI's conversion has proximately caused damage to HVI and thus to Cox's rights and interests as a shareholder of HVI.

**WHEREFORE**, Third-Party Plaintiff, Paul A. Cox, demands judgment against Third-Party Defendant, AutoGaming, Inc., as follows:

(i)    for compensatory damages;

(ii)    for injunctive relief;

(iii)     for reasonable attorneys fees and costs;

(iv)     for pre and post judgment interest on all sums awarded; and

(v)     for all such further relief as the Court deems just and appropriate.

COOPER LEVENSON APRIL NIEDELMAN &
WAGENHEIM, P.A.
ATTORNEYS FOR DEFENDANT, PAUL A. COX


By:  /s/ Fredric L. Shenkman

DATED:     June 28, 2006          Frederic L. Shenkman (NJ #4102)
                                  Kevin J. Thornton (NJ #1332)
                                  Erin K. Brignola (DE #2723)
                                  30 Fox Hunt Drive
                                  Bear Delaware 19701
                                  (302) 838-2600
                                  (302) 838-1942 fax

STATE OF DELAWARE : 
                  : 
NEW CASTLE COUNTY :

       BE IT REMEMBERED that on this 28th day of June, 2006, personally appeared before me the undersigned, the Subscriber, a Notary Public for the State and County aforesaid, Beverly Bumgarner, who, being by me duly sworn according to law, depose and says that she is employed in the offices of Cooper Levenson, 30 Fox Hunt Drive, Unit 30, Fox Run Shopping Center, Bear, DE 19701, and that on the above date she deposited in the mailbox at the Bear Post Office, Bear, Delaware the attached papers addressed to:

Thomas Preston, Esquire
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, DE 19899
Attorney for Paul A. Cox

James S. Green, Esquire
Kevin A. Guerke, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899
Attorney for Daniel L. Lynch

James R. Folsom, Esquire
1215 North King Street
Wilmington, Delaware 19801

Daniel Anthony Lynch
134 The aspect, Queen Street
Cardiff CF 102GP
Wales, UK

Paul A. Cox
15 Colonial Drive
Cocoa Beach, FL

Cooper Levenson April Niedelman & Wagenheim, P.A.
Attention: Kevin J. Thornton, Esquire
1125 Atlantic Avenue
Atlantic City, NJ 08401

                          /s/ Beverly Bumgarner
                          BEVERLY BUMGARNER

    SWORN AND SUBSCRIBED before me the day, month and year aforesaid.

                          /s/ Stacey Mattia
                          NOTARY PUBLIC