IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| DANIEL ANTHONY LYNCH, | : | Civil Action No.06-CV-365 JJF |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | |
| COINMASTER USA, INC. | : | |
| A Delaware corporation, and | : | |
| PAUL A. COX, | | |
| Defendants. | | |

**SUPPLEMENTAL RESPONSE AND OPPOSITION
BRIEF TO MOTION FOR REMAND**

I.   INTRODUCTION

On its Motion to remand this matter to the state court for the State of Delaware, plaintiff, Daniel A. Lynch ("Mr. Lynch"), argues that defendant, Paul A. Cox's ("Mr. Cox") Notice of Removal was untimely. In support of this argument, Mr. Lynch points to the fact that service of the complaint was made on the Secretary of State pursuant to Delaware's Long-Arm Statute on April 26, 2006. Mr. Lynch does not address the fact that actual service was not made on Mr. Cox until May 23, 2006, a full *twenty-seven days* after service was made on the Secretary of State. Under Mr. Lynch's interpretation of 28 U.S.C.A. § 1446(b), the Removal Statute, Mr. Cox was given *three days* to retain counsel, examine the claims raised against him to recognize his grounds for removal, weigh the propriety of removal, and prepare and file the Notice of Removal. For obvious reasons, such an interpretation would unreasonably and unfairly curtail

Mr. Cox's, and every nonresident defendant's, right to exercise his privilege of trial in a federal court. For that reason, many court's have found that the thirty-day period for removal provided under 28 U.S.C.A. § 1446(b) does not begin to run until the defendant *actually* receives a copy of the pleadings. For these reasons and those set forth below, Mr. Cox respectfully requests that the Court deny Mr. Lynch's motion to remand.

II.   ARGUMENT

The time period for removing a case from a state court to a federal district court is prescribed by 28 U.S.C.A. § 1446(b), and, although the statute sets a time period of 30 days, the question in this and any case is when that time period commences. This is particularly important where, as here, service is made on the Secretary of State pursuant to a long-arm statute.

When faced with this question, many courts have determined, appropriately and fairly, that the removal period does not commence until the defendant actually receives the pleadings, regardless of the date when service was made on the governmental official or when the pleadings were mailed to the defendant. In the case at bar, plaintiff made service of his complaint against defendant Paul A. Cox ("Mr. Cox") pursuant to Delaware's Long-Arm Statute, 10 Del. C. § 3104, serving the Secretary of State of the State of Delaware on April 26, 2006. The defendant, Mr. Cox did not actually receive copies of plaintiff's initial pleadings until May 23, 2006, *twenty-seven days later*. (See Affidavit of Paul A. Cox.) Mr. Cox filed his Notice of Removal on May 31, 2006, eight days after having received notice of his ground for removal of this action to this court on May 23, 2006.

Many courts have based this interpretation on the fact that 28 U.S.C.A. § 1446(b), states that the notice of removal shall be filed within 30-days "after the receipt by the defendant" and that that phrase cannot be reconciled with a determination that the 30-day period begins to run

when service is made on the Secretary of State, rather than upon actual receipt by the defendant. *See Eg. Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672 (S.D. W. Va. 2002) (When service is effected on a statutory agent, rather than an agent appointed by the defendant, the 30-day time for removal of the action to federal court begins to run when the defendant actually receives a copy of the complaint.)

In *Durr Drug Co. v American Surety Co.*, 126 F Supp 815 (DC Ala. 1954), the court held that the removal period began when the pleadings were actually received by the defendant, and not when the pleadings were served on the state Superintendent of Insurance and then forwarded to the defendant under the state's long-arm statute. In making its ruling, the court noted that the statute permitting service on the Superintendent of Insurance required him to promptly forward the pleadings by registered mail to the defendant; thus, if service of process was complete when handed to the Superintendent of Insurance, then the part of the statute which required notice to the defendant out of state would be rendered nugatory. The court also noted that while the state statute provided that service on the statutory agent "shall be of the same force and validity as if served" on the defendant, and "shall be deemed a sufficient service of process," to fully comply with the statute and to meet the requirements of due process, actual notice to the defendant was also required. Based on this analysis, the court concluded that if due process required notice to the defendant before service of process was complete on an agent whose authority was derived from a state statute, then the prescribed period within which a petition for removal must be filed did not begin to run until the due process requirement had been met, and that would be when the state statute had been fully complied with by actual notice to the defendant.

The court in *Kurtz v Harris*, 245 F Supp 752 (SD Tex 1965) applied the same reasoning when it held that the removal period began when the nonresident motorist actually received the

pleadings, and not when the pleadings were served on, and forwarded to the defendant by the Chairman of the Texas State Highway Commission in accordance with the state's long-arm statute. The court reasoned that while the state statute provided that service on the Chairman "shall be of the same legal force and validity as if served personally," 28 U.S.C.A. § 1446(b) used the words "after the receipt by the defendant." To reconcile the two statutes, the court determined that a defendant must know suit has been filed against him before he can begin the process of removal, and that when notice is not in his hands or those of an agent chosen by him, but, rather, in the hands of a statutory agent, the removal period could expire before the defendant ever actually knows the lawsuit has been filed.

Similarly, in *Moon v Makowski*, 114 F Supp 914 (DC Ohio 1953) the court held that the removal period began when the defendant actually received the pleadings, and not when the pleadings were served on, and forwarded by, the Secretary of State under the state's long-arm statute. In so holding, the court found that such a statute could only be valid if it contained a provision making it reasonably probable that notice of service on the state official will be communicated to the defendant, pointing to the fact that notice to the defendant is as vital a part of the proceedings as is service on the Secretary of State, who is not the unqualified agent of the defendant and who becomes the agent of the defendant only when notice has been given to the defendant. Finally, the court noted that there is no acceptable reason for fixing the time for removal at the date of service on the Secretary of State, while there is good reason for dating it from the time of notice to the defendant, because a nonresident defendant is not brought into the state on the basis of a penal liability against him but rather is summoned in the public interest.

Under a slightly different analysis, the court in reason, *Welker v Hefner*, 97 F Supp 630 (1951, DC Mo), reached the same conclusion. In that case the court found that to permit the

state statute to determine the commencement of the removal period would be to relegate to the state legislature the power to control removal procedures in federal courts, contrary to the terms of the removal statute. The court noted that 28 U.S.C.A. § 1446(b) provided that the period would begun upon "receipt by the defendant," and that it is not logical that the term "defendant" would include a fictional agent who, by virtue of the state's long-arm statute, was appointed as defendant's agent. The court further reasoned that service on the Secretary of State merely establishes the jurisdictional basis for the lawsuit and provides a defendant with substantive due process and that such a statute must also provide for actual notice to the defendant before procedural due process has been satisfied. While the court acknowledged that certain cases held that, for purposes of uniformity, the removal period should commence when the Secretary of State is served (because otherwise the commencement period would vary, depending upon the distance between the state and the defendant, and the speed of the mail), it found that the reasoning in such cases did not accord with the wording of the removal statute, which fixed the beginning of the 30-day period as receipt by the defendant. Importantly, the court noted that if the position of these cases were accepted, where the distance between the state and a defendant is great or the mail service is slow, a defendant might not get notice of the suit until the statutory period had elapsed, and that even if a defendant were to receive notice sooner, by the time he contacted a lawyer and determined removal was appropriate, the statutory period might well have passed. *See Also, Mahony v Witt Ice & Gas Co.*, 131 F Supp 564 (DC Mo 1955) (Court stated that receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination; that it is the defendant, not the Secretary of State, who has to decide within the prescribed time whether he desires and has grounds for removal; Secretary of State is a mere statutory agent with no duty to perform with respect to service upon him other than to forward

the process to the nonresident defendant; this reading of the removal statute comports with the Congressional purpose of uniformity, since all defendants would obtain the same amount of time to remove after they actually received the pleading, and the period would not be subject to variables such as the amount of time it would take for the mail to reach the defendant from the Secretary of State.)

In the case at bar the relevant facts are simple and not in dispute. Service was made on the Secretary of State for the State of Delaware on April 26, 2006 pursuant to Delaware's Long-Arm Statute, 10 Del. C. § 3104, which provides:

> (d) Service of the legal process… shall be made upon the Secretary of State of this State in the same manner as is provided by law… and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than 7 days following the filing of the return of service of process in the court in which the civil action is commenced… the plaintiff or a person acting in the plaintiff's behalf shall send by registered mail to the nonresident defendant, or to the defendant's executor or administrator, a notice consisting of a copy of the process and complaint served upon the Secretary of State….

As did the statutes with which the aforementioned courts were concerned, the Delaware statute requires actual service on the defendant. Significantly, this statute puts the responsibility for actual service upon defendant on the plaintiff, not on the Secretary of State. Here, the defendant, Mr. Cox, did not actually receive a copy of the complaint until May 23, 2006, a *full twenty-seven days after service on the Secretary of State*. Under the position Mr. Lynch urges, this delay in actual service on Mr. Cox effectively shortened his time to exercise his right to removal to *three days, rather than the thirty days to which he is entitled*. The inherent lack of fairness is obvious.

Under the case law just discussed, the Delaware Long Arm Statute, 10 Del. C. § 3104, and the Federal Removal Statute, 28 U.S.C.A. § 1446(b), can only be reconciled by beginning the 30-day removal period on May 23, 2006, not April 26, 2006, as plaintiff argues. Any contrary conclusion would unreasonably and unfairly curtail Mr. Cox's, and every nonresident defendant's, right to exercise his privilege of trial in a federal court.

III.   CONCLUSION

For all of these reasons, defendant respectfully requests that the court deny plaintiff's motion for remand.

COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, P.A.

By: _____
Erin K. Brignola, Esquire (2723)
Kevin J. Thornton, Esquire
Frederic L. Shenkman, Esquire
Rebecca Higbee, Esquire
30 Fox Hunt Drive
Bear, DE 19701
(302) 838-2600
(302) 838-1942 fax
Attorneys for Paul A. Cox

Dated: July 5, 2006

CLAC; 18233.1

ERIN K. BRIGNOLA ESQUIRE
COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
30 FOX RUN DRIVE
BEAR, DE 19701
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
NEW CASTLE COUNTY

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | : | ~~The Honorable Charles H. Toliver, IV~~ |
| Plaintiff, | : | 06-CV-365 JJF PAC |
| | : | Civil Action No. ~~06C-04-038-CHT~~ |
| v. | : | |
| | : | AFFIDAVIT |
| COINMASTER USA, INC. | : | OF |
| A Delaware corporation, and | : | PAUL A. COX |
| PAUL A. COX, | : | |
| Defendants. | : | |

STATE OF FLORIDA        )
                        )  SS.
COUNTY OF ORANGE        )

PAUL A. COX, being of full age and duly sworn, does hereby depose and say:

1. I am a defendant in the matter captioned above and, as such, have knowledge of the facts contained in this Affidavit.

2. On May 23, 2006, I received, via Registered Mail, Return Receipt Requested, a letter from James S. Green, Esq., dated April 27, 2006.

3. Mr. Green's letter enclosed a copy of the Summons, Complaint and Return of Service in the matter captioned above.

Dated: July, 5, 2006

_____
PAUL A. COX

Sworn to and subscribed
before me on this
5th day of July, 2006.

IHSAN A. ABOUL-HOSN
MY COMMISSION # DD 362222
EXPIRES: October 12, 2008
1-800-3-NOTARY   FL Notary Discount Assoc. Co.

CLAC; 18490.1

2

STATE OF DELAWARE :
:
NEW CASTLE COUNTY :

BE IT REMEMBERED that on this 5th day of July, 2006, personally appeared before me the undersigned, the Subscriber, a Notary Public for the State and County aforesaid, Erin Brignola, who, being by me duly sworn according to law, depose and says that she is employed in the offices of Cooper Levenson, 30 Fox Hunt Drive, Unit 30, Fox Run Shopping Center, Bear, DE 19701, and that on the above date she deposited in the mailbox at the Bear Post Office, Bear, Delaware the attached papers addressed to:

Thomas Preston, Esquire
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, DE 19899
Attorney for Coinmaster USA, Inc.

James S. Green, Esquire
Kevin A. Guerke, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899
Attorney for Daniel L. Lynch

Daniel Anthony Lynch
134 The aspect, Queen Street
Cardiff CF 102GP
Wales, UK

Paul Cox
650 East 3rd Avenue
Mount Dora, FL 32757

Cooper Levenson April Niedelman & Wagenheim, P.A.
Attention: Kevin J. Thornton, Esquire
1125 Atlantic Avenue
Atlantic City, NJ 08401

_____
ERIN BRIGNOLA

SWORN AND SUBSCRIBED before me the day, month and year aforesaid.

STACEY A. MATTIA
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 29, 2008