IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL ANTHONY LYNCH, ) | |
| ) | C.A. No. 06-365 |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | NON-ARBITRATION |
| COINMASTER USA, INC., ) | |
| a Delaware corporation, and ) | |
| PAUL A. COX, ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF MOTION FOR REMAND[1]

1. Defendant Paul A. Cox ("Cox") admitted in his Notice for Removal that he was served on April 26, 2006. Based on this admission and the record of service attached to Plaintiff's Motion, Cox had until May 27, 2006 to remove the action, which he failed to do. Cox now disingenuously asserts that he was not served until May 23, 2006. That assertion contradicts the fact that Cox's counsel contacted the undersigned counsel on May 10, 2006 to request a copy of the Complaint, which was sent and received that same day. Therefore, Cox had already retained legal counsel three full weeks before the Notice was untimely filed. Yet, Cox represents to the Court that he only had three days to consider his removal options.

2. After incorrectly stating the facts, Cox argues that the removal period should run from May 23, 2006 and in support cites numerous non-binding cases from other districts, most of which are 50 years old and pre-date the current removal statute.

3. In this district, the removal period begins to run on the date the defendant is legally served. "A defendant seeking removal of such an action must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant." Liberty

Mutual Insurance Co. v. Bayer Corp., 2002 WL 1467331, *2 (D. Del. 2002). (attached as Exhibit "A") Similarly, the U.S. Supreme Court has held that "if the summons and complaint are served together, the 30-day period for removal runs at once." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).  The Supreme Court held service, not receipt of the complaint, triggers the removal statute.

> Accordingly, we hold that a named defendant's time to *348 remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. Id. at 347.

Therefore, Cox's Notice of Removal was untimely and this action should be remanded to the Delaware Superior Court.

                                      **SEITZ, VAN OGTROP & GREEN, P.A**

                                      /s/ Kevin A. Guerke
                                      JAMES S. GREEN, SR., ESQ. (DE0481)
                                      KEVIN A. GUERKE, ESQ. (DE4096)
                                      222 Delaware Avenue, Suite 1500
                                      P. O. Box 68
                                      Wilmington, DE  19899
                                      (302) 888-0600
                                                Attorneys for Plaintiff

Dated: July 12, 2006

---

[1] Plaintiff waives his right to file a brief pursuant to Local Rule 7.1.2.

## CERTIFICATE OF SERVICE

I, Kevin A. Guerke, Esquire, hereby certify that on this 12th day of July, 2006, I electronically filed PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND with the Clerk of Court using CM/ECF and served such filing to counsel as follows:

**VIA CM/ECF:**

Thomas P. Preston, Esq.
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 Market Street
Wilmington, DE 19801-4226

**VIA FIRST CLASS MAIL:**

Erin K. Brignola, Esq.
Cooper Levenson April Nieldelman
    & Wagenheim P.A.
30 Fox Hunt Drive
Bear, DE 19701

/s/ Kevin A. Guerke
_____
Kevin A. Guerke, Esq. (DE4096)
kguerke@svglaw.com

# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2002 WL 1467331 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,
v.
BAYER CORPORATION, et al., Defendants.
**No. 02-343-GMS.**

July 8, 2002.

*MEMORANDUM AND ORDER*
SLEET, J.

I. INTRODUCTION

*1 On February 28, 2002, the plaintiff, Liberty Mutual Insurance Company ("Liberty") commenced the above-captioned action in the Superior Court in and for New Castle County, Delaware. In its complaint, Liberty seeks declaratory relief relating to an insurance coverage dispute with Bayer Corporation ("Bayer"), Century Indemnity Company ("Century"), Insurance Company of North America ("INA"), and Home Insurance Company ("Home"). On May 6, 2002, Bayer filed its notice of removal to the United States District Court for the District of Delaware on the basis of diversity jurisdiction.

Presently before the court is Liberty's motion to remand the case to the Delaware Superior Court. In support of its motion, Liberty argues that, because the time for removal begins to run with the first-served defendant, Bayer's motion is untimely. It further argues that Century, Home, and INA are not competent to give proper consent to Bayer's removal because such consent did not occur within thirty days after they were served. For the following reasons, the court will deny Liberty's motion.

II. BACKGROUND

For purposes of the instant motion, the court will discuss only the facts relevant to the question of whether Bayer's notice of removal was timely.

On March 5, 2002, Liberty provided each of the defendants with a courtesy copy of the complaint in the present case. On March 12, 2002, Liberty asserts that it served Century, INA, and Home by serving the Delaware Insurance Commissioner. Home contends, however, that it was not actually served until approximately April 30, 2002. INA and Century do not appear to contest that they were served on March 12, 2002.

Liberty alleges that it first attempted to serve process on Bayer on March 18, 2002 through service on the Delaware Secretary of State under a Delaware long-arm statute relating to motor vehicle accidents. Bayer maintains that the Secretary of State did not notify Bayer of that attempted service. Liberty thereafter mailed copies of the summons and complaint to Bayer's headquarters in Pittsburgh, Pennsylvania. Bayer received those papers on April 8, 2002.

On May 6, 2002, Bayer, with the other defendants' consent, filed its notice of removal.

III. DISCUSSION

As an initial matter, the court notes that there is an apparent conflict between the parties with regard to the date on which Bayer was actually served. Thus, the court is faced with the task of determining whether the March 18, 2002 date or the April 8, 2002 date controls. In making this determination, the court notes that Liberty itself has conceded that, "Bayer may not have been served until April 8, 2002." *See* Liberty's Brief in Support of its Motion to Remand, at 7. Furthermore, aside from setting forth the procedural history of the attempted

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 2

Not Reported in F.Supp.2d, 2002 WL 1467331 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

service, Liberty does not argue that a March 18, 2002 service date made Bayer's notice of removal on May 6, 2002 untimely. Rather, Liberty focuses its arguments on the fact that Bayer was not the first-served defendant for purposes of determining when the thirty-day removal period began to run. Thus, because Liberty does not appear to genuinely dispute that Bayer was not served until April 8, 2002, the court concludes that this date governs the court's inquiry. Having established this critical fact, the court will now move on with its consideration of the present motion.

*2 Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-164 (1997). A defendant seeking removal of such an action must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant. See 28 U.S.C. § 1446(b).

In 1999, the Supreme Court clarified the time within which a defendant in a state court action may seek removal. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344(1999). In that case, the Court held that a "courtesy copy" of a file-stamped complaint faxed to the defendant was not sufficient to trigger the defendant's obligation to remove the case, if at all, within thirty days. In so holding, the Court noted that, "service of process ... is fundamental to any procedural imposition on a named defendant." Murphy Bros., 526 U.S. at 350. Accordingly, only after a plaintiff has rendered proper service is a defending party obligated to take action. See id.

Multiple defendant litigation, however, raises an additional issue that neither the Supreme Court, nor the Third Circuit, has yet addressed. Specifically, the issue is whether the thirty-day period in which a defendant may remove a state action to federal court runs from the time that the first defendant was served, or from the time that the defendant seeking to remove the action was served.

In the past, a majority of courts have adopted the "first-served defendant" rule. See e.g., Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir.1986); Biggs Corp v. Wilen, 97 F.Supp.2d 1040, 1045 (D.Nev.2000); Quinones v. Minority Bus Line Corp., 1999 U.S. Dist. LEXIS 5381, at *5 (S.D.N.Y. Apr. 19, 1999). Courts following this rule reason that an earlier-served defendant who does not seek removal within thirty days of being served has waived his or her right to do so. Those defendants are thus precluded from consenting to a later-served defendant's notice of removal.

In contrast, a growing number of courts, including the Sixth and Eighth Circuits, have adopted the "later-served defendant" rule. See e.g., Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir.2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir.1999). Under this rule, "each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and ... all defendants can consent to that removal, even if their own thirty-day periods have expired." Griffith v. American Home Prods., 85 F.Supp.2d 995, 998 (E.D.Wa.2000).

In light of the Supreme Court's opinion in Murphy, which underscored the importance of formal service of process as the sole trigger of a defendant's obligation to exercise its removal rights, the court will now adopt the "later-served defendant" approach. See Marano 254 F.3d at 756 (noting that "the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in Murphy ..."); see also 16 James Wm. Moore, Moore's Federal Practice § 107.30[3][a] at 107-163 (3d ed.2001) (forecasting that the Supreme Court would not adopt the "first-served defendant" rule). To hold otherwise would be to unfairly divest a defendant of the right to exercise its removal rights by reason of the happenstance that another defendant was served earlier.[FN1]

FN1. Adopting the "later-served defendant"

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 3

Not Reported in F.Supp.2d, 2002 WL 1467331 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

rule is also particularly appropriate on these facts because it does not appear that the defendants are in any way affiliated. Accordingly, absent any allegations that the defendants were "part of a common operating entity," stripping later-served defendants of valuable removal rights would be ill-advised. *See Yellow Cab Co. v. Gasper,* 994 F.Supp. 344, 345-47 (W.D.Pa.1998) (holding that such an affiliation gives one defendant "control over the litigation strategy "of the other defendants, making the "first-served defendant" rule appropriate.).

*3 Applying the "later-served defendant" rule, Bayer's notice of removal must have been filed thirty days from Bayer's receipt of the summons and complaint through service of process on April 8, 2002. Bayer's notice of removal was thus timely filed on May 6, 2002. Bayer likewise timely secured the consent of the three insurer defendants on May 3, 2002 and May 6, 2002. FN2

> FN2. Liberty argues that, because the insurer defendants did not consent to the removal within thirty days of the date they were served, their consent is untimely. For the court to agree with this argument would swallow the application of the " later-served defendant" rule. Accordingly, the court concludes that each of the non-moving defendants must only have consented within thirty days of the date the moving party received the summons. Because this ruling still requires unanimous consent for removal, it does not run afoul of the rule of unanimity, as Liberty suggests.

IV. CONCLUSION

Applying the "later-served defendant" rule, the court concludes that Bayer's notice of removal, and the non-moving defendants' consents, were timely. Accordingly, it will not remand this action to the Delaware Superior Court.

For these reasons, IT IS HEREBY ORDERED that:

1. Liberty Mutual's motion to remand (D.I.10) is DENIED.

D.Del.,2002.
Liberty Mut. Ins. Co. v. Bayer Corp.
Not Reported in F.Supp.2d, 2002 WL 1467331 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV00343 (Docket) (May. 06, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.