IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL ANTHONY LYNCH,          :
                                 :
        Plaintiff,          :
                                 :
     v.                     : Civil Action No. 06-365-JJF
                                 :
COINMASTER USA, INC., a Delaware :
corporation, and PAUL A. COX,    :
                                 :
        Defendants.        :

_____

James S. Green, Esquire, and Kevin A. Guerke, Esquire, of SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, Delaware.
Attorneys for Plaintiff.


Erin K. Brignola, Esquire, Kevin J. Thornton, Esquire, Frederic L. Shenkman, Esqure, and Rebecca Higbee, Esquire, of COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A., Bear, Delaware.
Attorneys for Defendants.

_____

**MEMORANDUM OPINION**

September 12, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion for Remand (D.I. 7) following Defendant Paul A. Cox's ("Defendant") Notice of Removal (D.I. 1) to this Court from the Superior Court for the State of Delaware.  For the reasons discussed, the Court will deny the Motion.

## BACKGROUND

Plaintiff commenced this action for breach of contract, deceptive trade practices, intentional interference with prospective business relations, and fraud in the Superior Court for the State of Delaware on April 5, 2006.  The parties have provided information regarding when Defendant was served with the complaint.  Defendant, who resides in Florida, initially claimed that he was served through the Secretary of State pursuant to the Delaware Long-Arm Statute on April 26, 2006, and in person via the mail on May 8, 2006.  Later, in opposition to Plaintiff's motion to remand, Defendant claimed that though he was served through the Secretary of State on April 26, he was not actually served in person until May 23, 2006.  Plaintiff does not address service via the mail, stating only that service was accomplished on April 26, 2006, and adding that Defendant's counsel contacted Plaintiff's counsel on May 10, 2006 to request a copy of the complaint.

1

Defendant filed the Notice of Removal on May 31, 2006, removing the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332.  Plaintiff filed the pending Motion to Remand on June 20, 2006.

### ANALYSIS

Plaintiff contends that the action should be remanded to the Superior Court because Defendant's Notice of Removal was not timely filed under 28 U.S.C. § 1446(b), which requires the notice to be filed within thirty days of "receipt by the defendant, through service or otherwise" of the complaint.  First, the Court notes that Defendant provides conflicting information concerning when he actually received the complaint in the mail.  However, the Court concludes that Defendant filed the Notice of Removal within the statutory deadline regardless of whether he received the complaint on May 8, 2006 or May 23, 2006.

The filing deadline in Section 1446(b) is "imperative and mandatory, must be strictly complied with, and is to be narrowly construed."  United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975); Vendetti v. Schuster, 242 F. Supp. 746, 751 (W.D. Pa. 1965).  The critical question is when the statutory time limit began to run.

In Delaware, the procedures for service of process are governed by the Delaware Long-Arm Statute, 10 Del. C. § 3104. Subsection (d) of the statute reads, in relevant part:

2

> Service of the legal process provided for in this section .
> . . shall be made upon the Secretary of State of this State
> in the same manner as is provided by law for service of
> writs of summons, and when so made shall be as effectual to
> all intents and purposes as if made personally upon the
> defendant within this State; provided, that not later than 7
> days following the filing of the return of services of
> process in the court in which the civil action is commenced
> . . . the plaintiff or a person acting in the plaintiff's
> behalf shall send by registered mail to the nonresident
> defendant, or to the defendant's executor or administrator,
> a notice consisting of a copy of the process and complaint
> served upon the Secretary of State and the statement that
> service of the original of such process has been made upon
> the Secretary of State of this State, and that under this
> section such service is as effectual to all intents and
> purposes as if it had been made upon such nonresident
> personally within this State.

Formal service under Delaware law, therefore, is deemed to take place when the complaint is served upon the Secretary of State, so long as the plaintiff sends the nonresident defendant a copy of the returned process and complaint seven days after the process is filed in court.  In this case, it is undisputed that service was made upon the Secretary of State on April 26, 2006.

The Supreme Court and the Third Circuit have emphasized the importance of formal service (most often of the complaint) in determining the trigger of the Section 1446(b) removal period, see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005), but neither has taken up the issue of whether service solely on a statutory agent such as the Secretary of State is sufficient to start the removal clock.  The prevailing view in other courts, however, is that service on the Secretary

3

of State does not suffice.  <u>Fidelity Funding v. Pollution</u>

<u>Research & Control Corp.</u>, 1999 U.S. Dist. LEXIS 215, at *5 (N.D.

Texas, Jan. 7, 1999); <u>Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty</u>

<u>Servs. Group</u>, 166 F. Supp. 2d 511, 513 (E.D. La. 2001).  "[T]he

court's ruling on the timeliness of the removal depends on when

[Defendant] received the pleadings, not upon when [Plaintiff]

filed them."  <u>Monterey Mushrooms v. Hall</u>, 14 F.Supp.2d 988, 990

(S.D. Texas 1988); <u>contra</u> <u>Bodden v. Union Oil Co.</u>, 82 F. Supp. 2d

584, 589 (E.D. La. 1998).

The Court concurs with the majority view.  It comports with

the principle set forth in <u>Murphy Bros.</u>, namely, that "[a]n

individual or entity named as a defendant is not obliged to

engage in litigation unless notified of the action . . . ."

<u>Murphy Bros.</u>, 526 U.S. at 347.  The Secretary of State is not a

agent of the Defendant, but rather "merely a medium for

transmitting the relevant papers."  Charles Allen Wright, Arthur

R. Miller & Edward H. Cooper, 14C Federal Practice and Procedure:

Jurisdiction 3d § 3732.  To enforce the Section 1446(b) filing

deadline without regard for when Defendant actually received

notice of the complaint would contravene that principle and

Congress' intent in passing its removal provisions as interpreted

by the Supreme Court.  <u>Murphy Bros.</u>, 526 U.S. at 347.  Applying

the majority rule, therefore, the Court concludes that in filing

his notice of removal on May 31, 2006, Defendant was within the

30-day filing deadline.  Accordingly, the Court will deny

4

Plaintiff's Motion to Remand.

An appropriate order will be entered.

5