IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL ANTHONY LYNCH, :
:
    Plaintiff, :
:
v. : Civil Action No. 06-365-JJF
:
COINMASTER USA, INC., :
a Delaware corporation, and :
PAUL A. COX, :
:
    Defendants, :
:

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Daniel A. Lynch's And Third-Party Defendant Auto Gaming, Inc.'s Motion To Dismiss Defendant Coinmaster USA, Inc.'s Counterclaim And Defendant Paul A. Cox's Counterclaim And Third-Party Complaint (D.I. 15), Defendant and Counterclaim Plaintiff Coinmaster USA, Inc.'s Motion To Amend Counterclaim (D.I. 18), and Defendant and Counterclaim/Third-Party Plaintiff Paul A. Cox's Motion For Leave To File Amended Answer, Counterclaim, And Third-Party Complaint (D.I. 20). For the reasons discussed, the Court will grant Defendant Coinmaster USA, Inc.'s Motion To Amend Counterclaim D.I. 18) and Defendant Paul A. Cox's Motion For Leave To File Amended Answer (D.I. 20). However, the Court will deny Plaintiff's Motion To Dismiss (D.I. 15).

I.   BACKGROUND

On April 4, 2006, Plaintiff Daniel A. Lynch ("Lynch") filed a Complaint against Defendants Coinmaster USA, Inc. ("CMUSA") and

Paul A. Cox ("Cox") in the Superior Court of the State of Delaware alleging breach of contract, deceptive trade practices, interference with prospective business relations, and fraud. On May 31, 2006, Defendant Cox removed the matter to this Court. On June 28, 2006, Defendant Cox filed an Answer to the Complaint along with a Counterclaim against Plaintiff Lynch alleging intentional interference with prospective business relations and conversion. The same day, Defendant Cox also filed a Third-Party Complaint against Auto Gaming, Inc. ("AGI") alleging intentional interference with prospective business relations and conversion. On June 28, 2006, Defendant CMUSA filed an Answer to the Complaint and a Counterclaim against Plaintiff Lynch alleging conversion.

On July 19, 2006, Plaintiff Lynch filed a Motion To Dismiss Defendant CMUSA's Counterclaim And Defendant Cox's Counterclaim And Third-Party Complaint (D.I. 15). In response, on July 31, 2006, Defendant CMUSA filed a Motion To Amend its Counterclaim (D.I. 18) simultaneous with an Answer and Amended Counterclaim. The same day, Defendant Cox also filed, in response, a Motion For Leave To File Amended Answer, Counterclaim, And Third-Party Complaint (D.I. 20) simultaneous with the amended documents. Defendant Cox's Amended Counterclaim asserted two additional counts; fraud and breach of fiduciary duty. By letter dated August 9, 2006, Plaintiff requested oral argument on its Motion

To Dismiss. By letter dated August 10, 2006, Defendant Cox requested oral argument on his pending motions.

## II. PARTIES' CONTENTIONS

By its Motion To Dismiss, Plaintiff contends that Defendants lack standing to assert their claims because Defendants cannot establish any of the three elements necessary to establish standing and the action should be brought in the name of High View, Inc. ("HV"), the corporation whose assets are at issue in this case. Plaintiff further contends that neither Defendant can make a prima facie case for their claims of intentional interference with prospective business relations or conversion.

In response, Defendants separately filed motions to amend their pleadings in order to establish more fully the claims for relief and the basis for standing. In its reply brief, Plaintiff contends that Defendants' motions to amend should be denied because the amendments are futile and necessitate bringing in HV as a nominal party which would defeat diversity jurisdiction. Plaintiff further contends that allowing the amendments would cause him undue prejudice.

## III. LEGAL STANDARD

A.  <u>Defendants' Motions To Amend Pursuant To Rule 15(a)</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by

3

written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of a motion to amend is within the discretion of the Court. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). If a proposed amendment is futile, the Court may deny the motion to amend. Satellite Fin. Planning Corp. v. First Nat'l. Bank, 646 F.Supp. 118, 120 (D. Del. 1986). To determine whether a proposed amendment is futile, the Court applies the standards for a Rule 12(b)(6) motion to dismiss and must decide whether, accepting all the well-pleaded facts of the proposed amendments as true, the party states a claim upon which relief can be granted. Id.

    B.     **Plaintiff's Motion To Dimiss Pursuant To 12(b)(6)**
Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

4

When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The burden of demonstrating that a party has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

**IV. DISCUSSION**

Several of the issues raised in Plaintiff's Motion To Dismiss can be resolved by Defendants' motions to amend. Accordingly, the Court will discuss the motions together.

    A.    Whether The Court Should Allow Defendant Coinmaster USA, Inc. To Amend Its Counterclaim

Under Delaware law, conversion is "an 'act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it.'" Arnold v. Soc'y. for Sav. Bancorp, Inc., 678 A.2d 533, 536 (Del. 1996) (quoting Drug, Inc.

5

v. Hunt, 168 A. 87, 93 (Del. 1933)). In its Amended Counterclaim, Defendant CMUSA alleges that Plaintiff converted, for his own use, the assets of High View, Inc. which were committed to CMUSA. In response, Plaintiff contends that CMUSA, in its Amended Counterclaim, fails to assert any ownership interest in the property allegedly converted.

Drawing all reasonable inferences in Defendant CMUSA's favor, the Court concludes that Defendant has sufficiently alleged a claim of conversion in its Amended Counterclaim. Defendant alleges that it had an agreement with High View, Inc. by which it would help fund the development of roulette gaming devices by Lynch in exchange for the exclusive right to buy the product. (D.I. 18, Ex. A at 7-8). Thus, Defendant's amendments are not futile because it alleges a potential contractual ownership interest in the property at issue pursuant to an agreement. Additionally, the Court concludes that, at this juncture, Plaintiff will not be unduly prejudiced by the amendment. Accordingly, the Court will grant Defendant CMUSA's Motion To Amend Counterclaim (D.I. 18).

B.   Whether The Court Should Allow Defendant Cox To Amend Its Counterclaim And Third Party Complaint

Defendant Cox asserts the following four counts in its Counterclaim against Plaintiff Lynch: 1) intentional interference with prospective business relations; 2) conversion; 3) fraud;

6

and, 4) breach of fiduciary duty. Cox asserts two of the same counts in its Third Party Complaint against Third Party Defendant AGI, Inc.; namely, intentional interference with prospective business relations and conversion. The Court concludes that the amendments are not futile because, drawing all reasonable inferences in Defendant's favor, Defendant Cox has sufficiently alleged a claim on each count. Further, the Court concludes that Plaintiff will not suffer undue prejudice if the motions to amend are granted. Because Defendant Cox's Counterclaim against Plaintiff mirrors much of the same legal and factual issues as the claims in Plaintiff's Complaint, discovery will be necessary on many of these issues regardless of whether the amendments are allowed. Thus, the Court finds no reason, in its exercise of discretion, to deny the request for amendments. Accordingly, the Court will grant Defendant Cox's Motion For Leave To File Amended Answer, Counterclaim, And Third-Party Complaint (D.I. 20).

C.   Whether The Court Should Grant Plaintiff's Motion To Dismiss The Counterclaims And Third Party Complaint

Plaintiff contends that the Court should dismiss the Defendants' Counterclaims and Third Party Complaint because Defendants lack standing to raise the claims asserted. In response, Defendants contend the amended pleadings cure the standing issue. The Court concludes that further factual development is necessary to properly address the issue of

standing. Therefore, at this juncture, the Court will reserve judgment on the question of standing but will entertain renewed arguments on the topic in the context of summary judgment. Accordingly, the Court will deny the Motion To Dismiss.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant and Counterclaim Plaintiff Coinmaster USA, Inc.'s Motion To Amend Counterclaim (D.I. 18) is **GRANTED**;

2. Defendant and Counterclaim/Third-Party Plaintiff Paul A. Cox's Motion For Leave To File Amended Answer, Counterclaim, And Third-Party Complaint (D.I. 20) is **GRANTED**;

3. Plaintiff Daniel A. Lynch's And Third-Party Defendant Auto Gaming, Inc.'s Motion To Dismiss Defendant Coinmaster USA, Inc.'s Counterclaim And Defendant Paul A. Cox's Counterclaim And Third-Party Complaint (D.I. 15) is **DENIED**.

January 4, 2007

UNITED STATES DISTRICT JUDGE