IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL ANTHONY LYNCH,    ) | |
| ) | C.A. No. 06-365 JJF |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | |
| COINMASTER USA, INC.,    ) | |
| a Delaware corporation,    ) | |
| ) | |
| Defendant/Counterclaim Plaintiff,    ) | |
| ) | |
| PAUL A. COX,    ) | |
| ) | |
| Defendant/Counterclaim Plaintiff and    ) | |
| Third-Party Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | |
| AUTO GAMING, INC.,    ) | |
| ) | |
| Third-Party Defendant.    ) | |

**PLAINTIFF DANIEL ANTHONY LYNCH'S ANSWER TO DEFENDANT
PAUL A. COX'S AMENDED COUNTERCLAIM**

Plaintiff Daniel Anthony Lynch ("Plaintiff" or "Lynch") Answers the Amended Counterclaim of Paul A. Cox ("Cox"), individually and derivatively on behalf of High View, Inc ("High View"), as follows:

**COUNT I
(Intentional Interference with Prospective Business Relations)**

1) Admitted.

2) Admitted.

3) Admitted.

4) Denied.

5) Denied.

6) Denied.

7) Admitted that High View was formed in June of 2003. By way of further answer, Cox agreed to issue Lynch additional shares in High View and Lynch and Cox remained fifty percent shareholders because Cox refused to issue those shares.

8) Denied.

9) Denied.

10) Denied.

11) Denied.

12) Denied.

13) Denied.

14) Denied.

15) Denied.

16) Admitted.

17) Denied as stated. There has been a deadlock, but the deadlock was caused by Cox's actions and refusal to communicate and conduct High View business with Lynch.

18) Denied.

## COUNT II
## (Conversion)

19) Plaintiff repeats his answers above as if set forth at length herein.

20) Denied.

21) Denied.

## COUNT III
## (Fraud)

22) Plaintiff repeats his answers above as if set forth at length herein.

23) Denied.

24) Denied.

25) Denied.

26) Denied.

27) Denied.

28) Denied.

29) Denied.

30) Denied.

31) Denied.

32) Denied.

33) Denied.

34) Denied.

## COUNT IV
### (Breach of Fiduciary Duty)

35) Plaintiff repeats his answers above as if set forth at length herein.

36) Denied.

37) Denied.

WHEREFORE, Plaintiff demands judgment in his favor on all counts above, plus attorneys' fees and costs and all such relief as the Court deems just and appropriate.

### Affirmative Defenses

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaim is barred by applicable statutes of limitations.

### Third Affirmative Defense

The Counterclaim is barred by the doctrines of laches, unclean hands, estoppel, and /or waiver.

### Fourth Affirmative Defense

The Counterclaim is barred because Cox made no personal investment in High View.

### Fifth Affirmative Defense

The Counterclaim is barred because Cox lacks standing, individually or derivatively through High View, to pursue the claims.

### Sixth Affirmative Defense

The Counterclaim is barred because Cox agreed to issue Plaintiff additional shares in High View but failed to do so.

### Seventh Affirmative Defense

The Counterclaim is barred because Plaintiff owned the rights to the Devices according to applicable law or purchased the rights to the Devices.

### Eighth Affirmative Defense

Investigation and discovery are on-going and Plaintiff reserves the right to assert additional defenses.

**SEITZ, VAN OGTROP & GREEN, P.A**

/s/ Kevin A. Guerke
JAMES S. GREEN, SR., ESQ. (DE0481)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600

Dated: January 30, 2007                                Attorneys for Plaintiff

57657v1