**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | C.A. No. 06-365 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**THIRD-PARTY DEFENDANT AUTOGAMING, INC.'S ANSWER
THIRD-PARTY COMPLAINT OF PAUL A. COX**

Third-Party Defendant AutoGaming, Inc. ("AGI") Answers the Amended Third-

Party Complaint of Paul A. Cox ("Cox"), individually and derivatively on behalf of High

View, Inc. ("High View"), as follows:

**COUNT I
(Interference with Prospective Business Relations)**

1) Admitted.

2) Admitted.

3) Admitted.

4) Admitted.

57679 v1

5) Denied.

6) Denied.

7) Denied.

8) Admitted that High View was formed in June of 2003. By way of further answer, Cox agreed to issue Lynch additional shares in High View and Lynch and Cox remained fifty percent shareholders because Cox refused to issue those shares.

9) Denied.

10) Denied.

11) Denied.

12) Denied.

13) Denied.

14) Denied.

15) Denied.

16) Denied.

17) Admitted

18) Denied as stated. There has been a deadlock, but the deadlock was caused by Cox's actions and refusal to communicate and conduct High View business with Lynch.

19) Denied.

## COUNT II
## (Conversion)

20) AGI repeats their answers above as if set forth at length herein.

21) Denied.

22) Denied.

57679v1

2

WHEREFORE, AGI demands judgment in their favor on all counts above, plus attorney's fees and costs and all such relief as the Court deems just and appropriate.

## Affirmative Defenses

### First Affirmative Defense

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Third-Party Complaint is barred by applicable statutes of limitations.

### Third Affirmative Defense

The Third-Party Complaint is barred by the doctrines of laches, unclean hands, estoppel, and /or waiver.

### Fourth Affirmative Defense

The Third-Party Complaint is barred because Cox made no personal investment in High View.

### Fifth Affirmative Defense

The Third-Party Complaint is barred because Cox lacks standing, individually or derivatively through High View, to pursue the claims.

### Sixth Affirmative Defense

The Third-Party Complaint is barred because Cox agreed to issue Plaintiff additional shares in High View but failed to do so.

### Seventh Affirmative Defense

The Third-Party Complaint is barred because Plaintiff owned the rights to the Devices according to applicable law or purchased the rights to the Devices.

### Eighth Affirmative Defense

Investigation and discovery are on-going and Plaintiff reserves the right to assert additional defenses.

**SEITZ, VAN OGTROP & GREEN, P.A**

/s/ Kevin A. Guerke
JAMES S. GREEN, SR., ESQ. (DE0481)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
      Attorneys for Plaintiff

Dated: January 30, 2007