**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | C.A. No. 06-365 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Plaintiff Daniel Anthony Lynch, and respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 37 for an Order, in the form attached hereto, compelling Defendants Coinmaster USA, Inc. ("Coinmaster") and Paul A. Cox ("Cox") (collectively "Defendants") to answer interrogatories and produce documents requested by Plaintiff.  In support hereof, Plaintiff states:

1.    This action was removed from the Delaware Superior Court on March 31, 2006. Defendants filed Amended Answers to the Complaint, Amended Counterclaims and Third-Party Complaints on January 4, 2007.  Answers to the Counterclaims and Third-Party Complaints were filed on January 30, 2007.

58894 v1

2.     On January 16, 2007, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Discovery").  A copy of Plaintiff's Discovery is attached hereto as Exhibit "A."

3.     On February 8, 2007, Defendants requested, and Plaintiff granted, an extension to respond to the Discovery until March 1, 2007.  However, Defendants failed to respond to the Discovery by March 1, 2007.

4.     On March 8, 2007, Defendants requested, and Plaintiff granted, another extension to respond to the Discovery until March 30, 2007.

5.     On March 19, 2007, the Court entered the Scheduling Order setting a discovery deadline of September 14, 2007.

6.     On March 30, 2007, Defendants served Plaintiff with Defendants' Objections and Responses to Plaintiff's Discovery ("Discovery Responses").  A copy of Defendants' Discovery Responses is attached hereto as Exhibit "B."

7.     The Discovery Responses did not include any documents.  Instead, in response to each document request, Defendants stated:  "Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place."

8.     On April 3, April 10, and April 16, 2007, Plaintiff requested that documents be produced or that Defendants make the documents available for review and inspection.  In response, Defendants acknowledged their discovery deficiencies and stated that the documents were being prepared for production.  On April 16, 2007, Defendants produced a single-page document.  To date, Defendants have failed to produce any other responsive documents.

9.     Pursuant to Federal Rule of Civil Procedure 37, Plaintiff hereby requests an Order compelling the production of documents and for sanctions.  As described above, Plaintiff made a good faith effort to secure Defendants' production of documents pursuant to Rule 37(a)(2)(A).

10.    Pursuant to Rule 37(a)(4)(A), Plaintiff hereby requests sanctions against Defendants in the form of Plaintiff's reasonable expenses incurred in making this Motion, including attorneys' fees.

WHEREFORE, Plaintiff moves for an Order compelling the response to the Discovery and seeks sanctions in the form of attorneys' fees and costs incurred in submitting this motion.

**SEITZ, VAN OGTROP & GREEN, P.A**

/s/ Kevin A. Guerke
**JAMES S. GREEN, SR., ESQ. (DE0481)**
**KEVIN A. GUERKE, ESQ. (DE2747)**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
        Attorneys for Plaintiff

Dated:  April 20, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | C.A. No. 06-365 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER

AND NOW, to wit:  this ___ day of _____, 2007, the Court having heard the Plaintiff's

Motion to Compel and the arguments of counsel thereon, and being of the opinion that relief

should be granted, it is hereby ORDERED:

1.  That Defendants Coinmaster USA, Inc. and Paul A. Cox should respond to

Plaintiffs' First Set Of Interrogatories and Request For Production of Documents within ___ days

of the date of this Order;

2.  Defendants Coinmaster USA, Inc. and Paul A. Cox shall pay Plaintiffs'

reasonable costs and attorneys' fees in the amount of $____ within ___ days of the date of this

Order.

_____
The Hon. Joseph J. Farnan, Jr.

58900 v1

### <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1</u>

I, KEVIN A. GUERKE, do hereby certify that I have attempted to reach agreement on the

subject of the attached Motion to Compel as follows:

Plaintiff counsel's attempts to reach agreement on the discovery requests are outlined in

the within Motion.


<u>/s/ Kevin A. Guerke</u>
Kevin A. Guerke, Esq. (DE4096)
kguerke@svglaw.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DANIEL ANTHONY LYNCH,     )
                              )    C.A. No. 06-365 JJF
     Plaintiff,          )
                              )
           v.           )
                              )
COINMASTER USA, INC.,     )
a Delaware corporation,     )
                              )
     Defendant/Counterclaim Plaintiff,  )
                              )
PAUL A. COX,     )
                              )
     Defendant/Counterclaim Plaintiff and  )
     Third-Party Plaintiff,  )
                              )
           v.           )
                              )
AUTO GAMING, INC.,     )
                              )
     Third-Party Defendant.  )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
## FOR PRODUCTION OF DOCUMENTS  DIRECTED TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff hereby requests that Defendants answer under oath the following Interrogatories and respond to the following Requests for Production.

### INSTRUCTIONS

1.    These Interrogatories and Requests are continuing interrogatories and requests and require supplementation as the answering party obtains further information relating to the answers or responses provided herein.

2.      If any Interrogatory or Request, or portion thereof, cannot be answered fully, the Interrogatory or Request shall be answered to the extent possible and the response shall set forth the reasons for the failure to answer more fully.

3.      If any document or other material required to be identified in response to these Interrogatories or produced under the Requests is something which you claim to be protected on the basis of the attorney/client, work product or other privilege, you are requested to: (a) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent or shown; (b) specify the date on which the document or material was prepared or transmitted; (c) identify the subject matter of the document or material; (d) describe the nature of the document (e.g., letter, telegram, etc.); (e) state briefly why the document or other material is claimed to be privileged or to constitute work product; and, (f) state the paragraph of this request to which the document relates.

4.      If a portion of an otherwise responsive document or other material contains information subject to a claim of privilege, those portions of the document or other material subject to the claim of privilege shall be deleted or redacted from the document or material and the rest of the document or material shall be produced.

5.      Where the answer to an Interrogatory requires the identification of documents, it shall be sufficient to answer such Interrogatory by supplying copies of the documents. However, if any of the aforementioned documents cannot be produced because they have been lost or destroyed or otherwise disposed of, you are requested to: (a) describe in detail the nature of the document and its contents; (b) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent and indicated or blind copies; (c) specify the date on which the document was prepared or transmitted; and, (d) specify, if possible, the date on which the document was lost or destroyed

and, if destroyed, the circumstances of and reasons for such destruction and the persons requesting or performing that destruction.

## DEFINITIONS

1.    The terms "you" and "your", refer to the answering Defendant, Paul A. Cox or Coinmaster USA, Inc., and shall include you as the defendant, your attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on your behalf.

2.    The term "Plaintiff" or "Lynch", means and refers to Plaintiff Daniel Anthony Lynch and his attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on his behalf.

4.    The term "CMUSA", and any derivative thereof, means and refers to Defendant Coinmaster USA, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

5.    The term "High View", and any derivative thereof, means and refers to High View, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

6.    The term "Contract" means and refers to the Lynch and CMUSA agreement that is attached to the Complaint as Exhibit "A".

7.    The term "Complaint" means and refers to the complaint filed by Plaintiff now pending in the U.S. District Court for the District of Delaware, <u>Daniel Anthony Lynch v. Coinmaster USA, Inc. and Paul A. Cox</u>, C.A. No. 06-365, and any subsequent amendments thereto.

57359 v1

8.    The term "document" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written or other recorded, graphic or photographic matter of any kind or character whether produced or reproduced, and includes, without limiting the generality of the foregoing, all photographs, letters, emails, telegrams, teletypes, correspondence, contracts, agreements, drafts, proofs, workpapers, applications, financial statements, resumes, notes to files, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, computer programs, tapes or discs, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, transcripts, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, bills and invoices, including originals and copies of any of the foregoing, whether typed, printed, handwritten or on tape or otherwise recorded, and any material underlying, supporting, or used in the preparation of any such document.  If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were identical but found in different files, not identical, or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is a separate document.

9.    The term "statement" means and refers to any verbalizations and includes testimony given in connection with the instant litigation.

10.    The term "relates to" or any derivative thereof, as used herein, means: constitutes, refers to, reflects, concerns, pertains to, or in any way logically or factually connects with the matter described in the request.

11.    The term "person", as used herein, means:    an individual, firm, corporation, partnership, sole proprietorship, association or other legal or governmental entity, including any divisions or departments within any of the aforementioned.

12.    The term "communication" means any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements and understandings, whether transmitted in person or by an electronic device such as telephones or radio, and documents, as defined above.

13.    The term "identify", when used in reference to a natural person or other legal entity, means:

    (a)    With respect to a natural person:

        (i)    state the person's full name;

        (ii)    state the person's present or last known business and residence addresses; and

        (iii)    state the person's present or last known position and business affiliations.

    (b)    With respect to a legal entity other than a natural person, such as a corporation, partnership, joint venture or group:

        (i)    state its full name;

        (ii)    state the present or last known address of its principal place of business or its principal office;

        (iii)    in the case of a corporation, set forth the State of its incorporation; and

(iv)   in the case of an entity other than a corporation, identify each and every person having an ownership therein.

14.   The term "identify", when used in reference to an event or occurrence, including a communication, meeting or statement, means:

(a)   State the time and date of the event or occurrence.

(b)   State the nature of the event or occurrence (e.g., telephone call, meeting, deposition, etc.).

(c)   Specify the place where the event or occurrence took place.

(d)   Identify every participant in the event or occurrence.

(e)   Identify every non-participating witness to the event or occurrence.

(f)   Identify the person or persons of whom each and every participant and witness was a representative or agent.

(g)   Identify each and every document, whether predating, postdating or contemporaneous with the event or occurrence, describing, referring to, used in connection with, or otherwise relating to such event or occurrence.

(h)   Describe the event or occurrence and, if it was a meeting, communication or statement, state the substance of the matters communicated or discussed.

15.   The term "identify", when used in reference to a document, means:

(a)   State the type of document (e.g., contract, letter, report, etc.) or some other means of distinguishing the document, the date of the document or, if undated, the date of preparation of the document, author(s), title (if any), the content of the document, and the number of pages.

(b)   Identify each and every person who prepared or participated in the preparation (a "preparer") of the document.

57359 v1

6

(c)    Identify the person or persons of whom each and every author and preparer was a representative.

(d)    If the document exists, state the present location(s) of the document.

(e)    If the document does not exist, state the disposition of the document.

(f)    Identify each and every person to whom the document was addressed, shown or sent (addressees) and each and every person who has or ever had possession, custody or control of the document, and for each such person state the date on which it was sent, shown or on which possession, custody or control began and ended.

(g)    State whether any copy of the document differs from the original by reason of shorthand or other written notes or any other modification.

(h)    If the document has an identifying number, state the identifying number; if the document has been marked for identification in any deposition conducted in the instant action, state the identification number of each copy of the document.

16.    "Describe" means:  (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law; and (b) where applicable, particularize as to:  (i) time, (ii) date, and (iii) manner; (c) identify each and every person having personal knowledge of such facts.

16.    Unless otherwise indicated in the Interrogatories or Requests, the singular includes the plural and the plural includes the singular.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory or Request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

57359 v1

7

**INTERROGATORIES**

1.    If you contend that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272), please describe all facts that support your contention.

**ANSWER:**

2.    If you contend that Plaintiff terminated the Contract he entered into with CMUSA, please describe all facts that support your contention.

**ANSWER:**

3.    If you contend that you made any investment in High View, including but not limited to monetary investment or the contribution of human capital resources, please describe all facts that support your contention.

**ANSWER:**

4.    If you contend that the Contract is null and void and/or voidable, please describe all facts that support your contention.

**ANSWER:**

5.    If you contend that it was the parties' true intentions that the Contract was to serve as a "Poison Pill", please describe all facts that support your contention.

**ANSWER:**

57359 v1

8

6.    Identify all persons providing information for the answers to these interrogatories, including for which interrogatory each provided information, and information provided by that person, if more than one person provided information.

**ANSWER:**


7.    Identify each person you contend was a witness to, or has any knowledge of any facts or discoverable information related to the Complaint, your Amended Counterclaim, or your Amended Third-Party Complaint, and describe the relevant facts which you believe are known to such person.

**ANSWER:**


## REQUESTS FOR PRODUCTION

Please produce the following documents:

1.    All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272).

**RESPONSE:**


2.    All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA or terminated the Contract.

**RESPONSE:**


3.    All documents relating to, or that support or contradict, your Affirmative Defenses.

**RESPONSE:**

4.     All documents relating to your or High View's ownership interest or intellectual property rights in the roulette games described in your Amended Counterclaim.

**RESPONSE:**

5.     All documents identified, referred to, reflected in or relating to the answers to the foregoing interrogatories, or upon which you relied in answering the foregoing interrogatories.

**RESPONSE:**

6.     All documents related to, or that support, any damages and/or recovery you seek from Plaintiff in this action.

**RESPONSE:**

7.     All documents related to your ownership interest in CMUSA, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

8.     All documents related to your ownership interest in High View, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

57359 v1

10

9.    All documents related to any communication with the receiver for Coinmaster

Gaming Products Limited (U.K. Company Registration No. 02253400) and/or Coinmaster

Gaming PLC (U.K. Company Registration No. 01471272), including any person acting on the

receiver's behalf.

**RESPONSE:**

10.    All documents related to any CMUSA board of directors meeting or annual

general meeting, including but not limited to meeting minutes, agendas, and/or resolutions.

**RESPONSE:**

11.    All documents related to any communications with Duel Cooper, including any

person acting on Duel Cooper's behalf.

**RESPONSE:**

**SEITZ, VAN OGTROP & GREEN, P.A**

/s/ Kevin A. Guerke

JAMES S. GREEN, SR., ESQ. (DE0481)

KEVIN A. GUERKE, ESQ. (DE4096)

222 Delaware Avenue, Suite 1500

P. O. Box 68

Wilmington, DE  19899

(302) 888-0600

Attorneys for Plaintiff

Dated: 1/16/07

57359 v1

11

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-365 JJF |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANTS**

Defendant Coinmaster USA, Inc. ("Defendants") and Paul A. Cox ("Cox") respond as

follows to Plaintiff's First Set of Interrogatories and Requests for Production of Documents

**GENERAL OBJECTIONS**

The following General Objections apply to each of Plaintiff's Interrogatories, Requests

for Production, Definitions, and Instructions (collectively referred to herein as "interrogatories"

or "requests"):

1.      Defendants object to the interrogatories and requests for production of documents

to the extent they exceed the permissible scope of discovery or seek to impose obligations or

requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the District of Delaware.  In responding to each request, Defendants will provide only such information as required by those rules.

2.    Defendants object to the interrogatories and requests for production of documents to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  No part of this response shall in any way be deemed a waiver of any such available privilege or doctrine.  If documents which otherwise would have been identified and/or made available for inspection and copying in response to these interrogatories and requests for production of documents are withheld as privileged or otherwise immune from discovery, Defendants will identify them on a privileged document list.  Defendants further object to the production or identification on a privileged document list of any responsive privileged or work-product documents generated after the initiation of this action.

3.    Defendants object to the interrogatories and requests for production of documents as overly broad and unduly burdensome to the extent they seek information that is solely within the possession, custody, or control of entities who are independent from Defendants.  Neither the Federal Rules of Civil Procedure nor the Local Rules of the District of Delaware requires Defendants to attempt to obtain information that is within another party's possession, custody, or control.

4.    Defendants object to these interrogatories and requests for production of documents as overly broad, unduly burdensome, and cumulative to the extent they seek information that is publicly available to plaintiff.

2

5.    Defendants object to the interrogatories and requests for production of documents to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories and requests for production of documents permitted in this action.

6.    Defendants object to Plaintiff's document requests to the extent that they seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to Plaintiff's document requests to the extent that they seek documents that are already in the possession of Plaintiff or are readily accessible to Plaintiff, or that purport to impose upon Defendants an obligation to search publicly available materials when such materials are not otherwise contained in files maintained by Defendants.    Such an obligation is unreasonable and unduly burdensome.

8.    Defendants object to Plaintiff's document requests to the extent that they seek materials that require extensive and unreasonable investigatory work on the part of Defendants, as unduly burdensome.

9.    Defendants object to Plaintiff's document requests to the extent that they seek the production of voluminous files or immaterial or marginally relevant documents and information, as unduly burdensome.

10.    Defendants object to Plaintiff's document requests to the extent that they prematurely seek documents to be provided by expert witnesses.

11.    Any response herein is not an admission of relevance, materiality, or admissibility of the information provided.

3

12.    In providing documents in response to a document request, Defendants do not in any way waive or intend to waive, but rather intends to preserve and is preserving:

(a)    all objections as to competency, relevancy, materiality, and admissibility of the document request, the responses, and their subject matter;

(b)    all objections as to the vagueness, ambiguity, or other infirmity in the form of document requests, the responses, and their subject matter;

(c)    all rights to object on any ground to the use of any the responses, or their subject matter, in any subsequent proceedings;

(d)    all rights to object on any ground to any further document requests or other discovery requests involving or relating to the subject matter of the document request;

(e)    the right to supplement responses to the document request prior to commencement of the trial; and

(f)    any and all privileged and/or rights under the applicable Federal Rules of Civil Procedure, Local Rules, statutes or the common law.

In addition to the General Objections set forth above, Defendants may also state specific objections to interrogatories and requests for production of documents where appropriate, including objections that are generally applicable to each specific request. By setting forth such specific objections, Defendants do not intend to limit or restrict the General Objections set forth above.

Defendants reserve the right to supplement/amend this document should additional relevant material become available.

4

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    If you contend that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272), please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this interrogatory as a premature contention interrogatory.   Defendants also object to this Interrogatory to the extent the requested information is in the possession, custody or control of Plaintiff or the requested information can be obtained by Plaintiff just as easily as by Defendants. Subject to, and without waiving the foregoing objections, Defendants direct Plaintiff to Plaintiff's Letter of Resignation attached hereto as Exhibit A.

2.    If you contend that Plaintiff terminated the Contract he entered into with CMUSA, please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this Interrogatory to the extent the requested information is in the possession, custody or control of Plaintiff or the requested information can be obtained by Plaintiff just as easily as by Defendants. Subject to, and without waiving the foregoing objections, Defendants direct Plaintiff to sections 17 and 18.1 of the Service Agreement attached as Exhibit 1 to Answer of Defendant Coinmaster USA, Inc. to Complaint.

3.    If you contend that you made any investment in High View, including but not limited to monetary investment or the contribution of human capital resources, please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Subject to, and without waiving the foregoing objections, Defendants will produce documents from which information

5

potentially responsive to this interrogatory may be derived or ascertained pursuant to Federal

Rule of Civil Procedure 33(d).

4.    If you contend that the Contract is null and void and/or voidable, please describe
all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this

Interrogatory to the extent the requested information is in the possession, custody or control of

Plaintiff or the requested information can be obtained by Plaintiff just as easily as by Defendants.

Subject to, and without waiving the foregoing objections, Defendants direct Plaintiff to sections

3 and 16 of the Service Agreement attached as Exhibit 1 to Answer of Defendant Coinmaster

USA, Inc. to Complaint and to the November 15, 2002 Amendment attached as Exhibit A to the

Complaint.

5.    If you contend that it was the parties' true intentions that the Contract was to
serve as a "Poison Pill", please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.    Defendants do not

understand this interrogatory and are therefore unable to respond.

6.    Identify all persons providing information for the answers to these interrogatories,
including for which interrogatory each provided information, and information provided by that
person, if more than one person provided information.

**RESPONSE:**

Paul A. Cox

7.    Identify each person you contend was a witness to, or has any knowledge of any
facts or discoverable information related to the Complaint, your Amended Counterclaim, or your
Amended Third-Party Complaint, and describe the relevant facts which you believe are known to
such person.

RESPONSE:

    Paul A. Cox

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

    1.    All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272).

RESPONSE:

    Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

    2.    All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA or terminated the Contract

RESPONSE:

    Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

    3.    All documents relating to, or that support or contradict, your Affirmative Defenses.

RESPONSE:

    Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this

7

request to the extent it seeks documents protected by attorney-client privilege and/or the work

product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-

privileged responsive documents, if any, at a mutually agreeable time and place.

4.    All documents relating to your or High View's ownership interest or intellectual
property rights in the roulette games described in your Amended Counterclaim.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this

request as vague, overly broad, and unduly burdensome. Defendants further object to this

request to the extent it seeks documents protected by attorney-client privilege and/or the work

product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-

privileged responsive documents, if any, at a mutually agreeable time and place.

5.    All documents identified, referred to, reflected in or relating to the answers to the
foregoing interrogatories, or upon which you relied in answering the foregoing interrogatories.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this

request as vague, overly broad, and unduly burdensome. Defendants further object to this

request to the extent it seeks documents protected by attorney-client privilege and/or the work

product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-

privileged responsive documents, if any, at a mutually agreeable time and place.

6.    All documents related to, or that support, any damages and/or recovery you seek
from Plaintiff in this action.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this

request as vague, overly broad, and unduly burdensome. Defendants further object to this

request to the extent it seeks documents protected by attorney-client privilege and/or the work

8

product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

7. All documents related to your ownership interest in CMUSA, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

8. All documents related to your ownership interest in High View, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

9. All documents related to any communication with the receiver for Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400) and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272), including any person acting on the receiver's behalf.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work

9

product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

     10.    All documents related to any CMUSA board of directors meeting or annual general meeting, including but not limited to meeting minutes, agendas, and/or resolutions.

**RESPONSE:**

     Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

     11.    All documents related to any communications with Duel Cooper, including any person acting on Duel Cooper's behalf.

**RESPONSE:**

     Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

                                         **BLANK ROME LLP**

                                         Thomas P. Preston (I.D. No. 2548)
                                         1201 Market Street, Suite 800
                                         Wilmington, DE 19801
                                         (302) 425-6400
                                         Attorneys for Defendant Coinmaster USA, Inc.

Dated:   March 30, 2007

STATE OF FLORIDA        )
                          ) SS.
COUNTY OF   *Orange* )

## **VERIFICATION**

I, Paul A. Cox, declare that the answers contained in the **DEFENDANTS'**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES** are true and correct to the best of my knowledge, information and
belief.

_____
Paul A. Cox

SUBSCRIBED AND SWORN to before me
this _29_ day of _march_ , 2007.



_____
Notary Public

VENY DY-LIACCO
MY COMMISSION # DD 555384
EXPIRES: September 21, 2010
Bonded Thru Notary Public Underwriters

Commission Expires: _9/21/2010_

125762.00601/40168046v.1