IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-365 JJF |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DEFENDANT, COUNTERCLAIMANT AND
THIRD-PARTY PLAINTIFF COINMASTER USA, INC.'S
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF/COUNTERCLAIM DEFENDANT
DANIEL ANTHONY LYNCH AND AUTO GAMING, INC.**

Pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Defendant, Counterclaimant and Third-Party Plaintiff Coinmaster USA, Inc. ("Coinmaster") hereby serves upon Plaintiff/Counterclaim Defendant Daniel Anthony Lynch and Third-Party Defendant Auto Gaming, Inc. the following Interrogatories and Requests For Production of Documents. Responses to these Interrogatories and Requests For Production are to be served within 30 days of service.

900200.00001/40169486v.1

## INSTRUCTIONS

1. These Interrogatories and Requests require supplementation as the answering party obtains further information relating to the answers or responses provided herein.

2. If any Interrogatory or Request, or portion thereof, cannot be answered fully, the Interrogatory or Request shall be answered to the extent possible and the response shall set forth the reasons for the failure to answer more fully.

3. If any document or other material required to be identified in response to these Interrogatories or produced under the Requests is something which you claim to be protected on the basis of the attorney/client, work product or other privilege, you are requested to: (a) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent or shown; (b) specify the date on which the document or material was prepared or transmitted; (c) identify the subject matter of the document or material; (d) describe the nature of the document, letter, telegram, etc.); (e) state briefly why the document or other material is claimed to be privileged or to constitute work product; and, (f) state the paragraph of this request to which the document relates.

4. If a portion of an otherwise responsive document or other material contains information subject to a claim of privilege, those portions of the document or other material subject to the claim of privilege shall be deleted or redacted from the document or material and the rest of the document or material shall be produced.

5. Where the answer to an Interrogatory requires the identification of documents, it shall be sufficient to answer such Interrogatory by supplying copies of the documents. However, if any of the aforementioned documents cannot be produced because they have been lost or destroyed or otherwise disposed of, you are requested to: (a) describe in detail: the nature of the

document and its contents; (b) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent and indicated or blind copies; (c) specify the date on which the document was prepared or transmitted; and, (d) specify, if possible, the date on which the document was lost or destroyed, and, if destroyed, the circumstances of and reasons for such destruction and the persons requesting or performing that destruction.

## DEFINITIONS

1. The term "Plaintiff" or "Lynch", means and refers to Plaintiff Daniel Anthony Lynch and his attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on his behalf.

2. The terms "Defendant," "Counterclaimant" and "Third-Party Plaintiff" refer to Coinmaster USA, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on their behalf.

3. The term "CMUSA", and any derivative thereof, means and refers to Defendant Coinmaster USA, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

4. The term "High View", and any derivative thereof, means and refers to High View, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

5. The term "Contract" means and refers to the Lynch and CMUSA agreement that is attached to the Complaint as Exhibit "A".

6. The term "Complaint" means and refers to the complaint filed by Plaintiff

now pending in the U.S. District Court for the District of Delaware, <u>Daniel Anthony Lynch v. Coinmaster USA, Inc. and Paul A. Cox</u>, C.A. No. 06-365, and any subsequent amendments thereto.

        8.      The term "document" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written or other recorded, graphic or photographic matter of any kind or character whether produced or reproduced, and includes, without limiting the generality of the foregoing, all photographs, letters, emails, telegrams, teletypes, correspondence, contracts, agreements, drafts, proofs, workpapers, applications, financial statements, resumes, notes to files, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, computer programs, tapes or discs, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, transcripts, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, bills and invoices, including originals and copies of any of the foregoing, whether typed, printed, handwritten or on tape or otherwise recorded, and any material underlying, supporting, or used in the preparation of any such document. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were identical but found in different files, not identical, or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is a separate document.

        9.      The term "statement" means and refers to any verbalizations and includes testimony given in connection with the instant litigation.

        10.     The term "relates to" or any derivative thereof, as used herein, means:

900200.00001 40169486v.1

constitutes, refers to, reflects, concerns, pertains to, or in any way logically or factually connects with the matter described in the request.

11. The term "person", as used herein, means: an individual, firm, corporation, partnership, sole proprietorship, association or other legal or governmental entity, including any divisions or departments within any of the aforementioned.

12. The term "communication" means any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements and understandings, whether transmitted in person or by an electronic device such as telephones or radio, and documents, as defined above.

13. The term "identify", when used in reference to a natural person or other legal entity, means:

    (a)    With respect to a natural person:

        (i)    state the person's full name;

        (ii)    state the person's present or last known business and residence addresses; and

        (iii) state the person's present or last known position and business affiliations.

    (b)    With respect to a legal entity other than a natural person, such as a corporation, partnership, joint venture or group:

        (i)    state its full name;

        (ii)    state the present or last known address of its principal place of business or its principal office;

900200.00001/40169486v.1

(iii) in the case of a corporation, set forth the State of its incorporation; and

(iv) in the case of an entity other than a corporation, identity each and every person having an ownership therein.

14. The term "identify", when used in reference to an event or occurrence, including a communication, meeting or statement, means:

(a) State the time and date of the event or occurrence.

(b) State the nature of the event or occurrence (e.g., telephone call, meeting, deposition, etc.).

(c) Specify the place where the event or occurrence took place.

(d) Identify every participant in the event or occurrence.

(e) Identify every non-participating witness to the event or occurrence.

(f) Identify the person or persons of whom each and every participant and witness was a representative or agent.

(g) Identify each and every document, whether predating, postdating or contemporaneous with the event or occurrence, describing, referring to, used in connection with, or otherwise relating to such event or occurrence.

(h) Describe the event or occurrence and, if it was a meeting, communication or statement, state the substance of the matters communicated or discussed.

15. The term "identify", when used in reference to a document, means:

(a) State the type of document (e.g., contract, letter, report, etc.) or

some other means of distinguishing the document, the date of the document or, if undated, the date of preparation of the document, author(s), title (if any), the content of the document, and the number of pages.

   (b) Identify each and every person who prepared or participated in the preparation (a "preparer") of the document.

   (c) Identify the person or persons of whom each and every author and preparer was a representative.

   (d) If the document exists, state the present location(s) of the document.

   (e) If the document does not exist, state the disposition of the document.

   (f) Identify each and every person to whom the document was addressed, shown or sent (addressees) and each and every person who has or ever had possession, custody or control of the document, and for each such person state the date on which it was seen, shown or on which possession, custody or control began and ended.

   (g) State whether any copy of the document differs from the original by reason of shorthand or other written notes or any other modification.

   (h) If the document has an identifying number, state the identifying number; if the document has been marked for identification in any deposition conducted in the instant action, state the identification number of each copy of the document.

   16. "Describe" means: (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law; and (b) where applicable,

particularize: as to: (i) time, (ii) date, and (iii) manner; (c) identify each and every person having personal knowledge of such facts.

17.   Unless otherwise indicated in the Interrogatories or Requests, the singular includes the plural and the plural includes the singular. "And" and "or" shall be construed: conjunctively or disjunctively as necessary to make the Interrogatory or Request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

## INTERROGATORIES

1.   Identify all witnesses with knowledge of the facts asserted in the Complaint in this action, and for each such witness, state with specificity those facts known by each such witness.

**ANSWER:**


2.   Identify all witnesses with knowledge of any facts asserted or relied on by Plaintiff Lynch in Lynch's Answer to Amended Counterclaim of Coinmaster USA, Inc.

**ANSWER:**


3.   Identify all individuals with whom Lynch has discussed the November 15, 2002 letter, attached as Exhibit A to the Complaint.

**ANSWER:**


4.   Identify all expenses incurred by Lynch in connection with services provided by

Lynch to Coinmaster USA, Inc. in connection with Lynch's service as Chairman of Coinmaster USA, Inc., stating for each such expense the month and year in which the expense was incurred when, if at all, reimbursement was sought from Coinmaster USA, Inc., and whether or not reimbursement was received from Coinmaster USA, Inc.

**ANSWER:**

5.  Identify all individuals with knowledge of the November 6, 2001 "Service Agreement" between Coinmaster Gaming PLC and Tony Lynch, attached as Exhibit 1 to the Answer of Defendant Coinmaster USA, Inc. to Complaint.

**ANSWER:**

6.  State when the Service Agreement, referenced above, was terminated, ended or became ineffective.

**ANSWER:**

7.  Identify each and every testifying expert who is expected to be used at the trial of this matter, and with respect to each, state the address and qualifications of each and attach a copy of each such expert's current resume. Also state with respect to each such expert, the area of expertise in which each such witness is expected to offer testimony and/or opinions.

## REQUESTS FOR PRODUCTION

1. Produce all documents known to Plaintiff Lynch or Third-Party Defendant Auto Gaming, Inc., which in any way relate to the claims asserted in the Complaint or Third-Party Answers of Auto Gaming, Inc. or the Answer of Plaintiff Daniel Anthony Lynch to Coinmaster's Amended Counterclaim.

**RESPONSE:**


2. Produce all documents consulted in connection with the preparation of responses to the above Interrogatories.

**RESPONSE:**


3. Produce all documents Plaintiff Lynch or Third-Party Defendant Auto Gaming, Inc. intend to use at the trial of this matter.

**RESPONSE:**


4. Produce all documents provided to any testifying or consulting expert witness utilized in this matter.

**RESPONSE:**

BLANK ROME LLP

_____
Thomas P. Preston (I.D. No. 2548)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Attorneys for Defendant/Counterclaim
Plaintiff Coinmaster USA, Inc.

Dated: June 25, 2007

900200.00001/40169486v.1