IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-365 JJF |
| | ) | |
| COINMASTER USA, INC., a Delaware | ) | |
| corporation, and PAUL A. COX, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | **NON-ARBITRATION** |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., a Delaware | ) | |
| corporation, | | |
| | | |
| Third-Party Defendant. | | |

**DEFENDANT/COUNTERCLAIMANT/THIRD-PARTY PLAINTIFF PAUL A. COX'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF/COUNTERCLAIM DEFENDANT DANIEL ANTHONY LYNCH AND THIRD-PARTY DEFENDANT AUTOGAMING, INC. PURSUANT TO F.R.C.P. 33 AND L. CIV. R. 26.1(B)**

To:  James S. Green, Esquire
     Kevin A. Guerke, Esquire
     Seitz, Van Ogtrop & Green, P.A.
     222 Delaware Avenue, Suite 1500
     P.O. Box 68
     Wilmington, DE 19899
     (Attorneys for Plaintiff Daniel Anthony Lynch and Third-
     Party Defendant Auto Gaming, Inc.)

**PLEASE TAKE NOTICE** that pursuant to <u>F.R.C.P.</u> 33 and <u>L. Civ. R.</u> 26.1(b) Defendant/Counterclaimant/Third-party Plaintiff Paul A. Cox, requires of Plaintiff/Counterclaim Defendant Daniel Anthony Lynch, answers under oath to the following Interrogatories within 30 days. These Interrogatories and Requests for Documents shall be deemed continuing, requiring amended answers if the Plaintiff/Counterclaim Defendant discovers or obtains information or documents which renders the same incomplete or inaccurate.

|  | COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A. |
|---|---|
|  | Attorneys for Defendant/ Counterclaimant/Third-Party Plaintiff Paul A. Cox |
|  | s/Erin K. Brignola |
| By: |  |
| Dated:   June 29, 2007 | Erin K. Brignola, Esquire (DE-2723) Kevin J. Thornton, Esquire (NJ-1332) 30 Fox Hunt Drive Bear, DE 19701 (302)838-2600 |

## DEFINITIONS

Throughout these Interrogatories, the definitions set forth below shall apply:

(a)  The terms "you" and "your" refer to the Plaintiff/Counterclaim Defendant Daniel Anthony Lynch and to Third-Party Defendant AutoGaming, Inc., and their respective authorized agents, attorneys, servants, employees and representatives.

(b)  The word "person" means any natural person and any corporation, partnership, association, joint-venture, firm or other business enterprise or legal entity and means both the singular and plural.

(c)  The words "document" and "writing" are used interchangeably and include, but are not limited to, the original or any copy of books, records, memoranda, notes, letters, telegrams and cables, diaries, schedules, graphs, charts, contracts, releases, appraisals, valuations, estimates, opinions, studies, analysis, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, photographs, purchase orders, bills, tabulations, questionnaires, tapes, surveys, messages, correspondence, tables, drawings, sketches, financial statements, and preliminary versions, drafts or revisions of any of the foregoing, as well as any other tangible things on which information is recorded in writing or sound or in any other manner and including supporting, underlying or preparatory material.

(d)  "Identity" or "Identify":

1.  When used with reference to a natural person, means to state in the answer in each instance the full name, present or last known address and the occupation or business and position, if known, of such person. When used with reference to any particular person, the information other than the full name need be given only once.

2.  When used with reference to a corporation, business enterprise or legal entity means to state in the answer in each instance the full name and address and a brief description of the primary business in which such entity is engaged. With respect to any particular entity, the information other than the full name need be given only once.

3

3.    When used in connection with a writing or document, means to state in the answer to each instance, whether or not such document is known to be in existence at the time of making the answer, (i) the date, type of document (e.g. letter, memorandum, etc.), author, address, all recipients, title and filing or identifying number, and (ii) the present or last location and custodian thereof.

4.    When used in connection with an oral communication, means to state in the answer in each instance (i) the identity of the persons communicating, (ii) the recipient and intended recipient of the communication, (iii) the identity of each person present or otherwise aware of the substance of the communication, (iv) if any document or writing includes, reflects or refers to such oral communication, identify each such document or writing.

(e)   "Identify the source of" means to state in the answer in each instance, with respect to the particular fact or information concerned, the person or persons from whom defendant, its authorized agents, attorneys, servants, employees or representatives, learned such facts or received such information, and to identify any writing or writings reflecting or referring to such fact or information or which communicated such fact or information to defendant, or its authorized agents, attorneys, servants, employees or representatives.

(f)   Plaintiff/Counterclaim Defendant Daniel Anthony Lynch will be referred to as "Lynch" or "Plaintiff" or "you" or "your".

(g)   Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Paul A. Cox, will be referred to as "Cox" or "Defendant".

(h)   Defendant/Counterclaim Plaintiff Coinmaster USA, Inc., will be referred to as "CUSA".

(i)   Third-Party Defendant AutoGaming, Inc., will be referred to as "AGI".

4

## INTERROGATORIES

1.    State the name, address, telephone number, and relationship to the party upon whom these interrogatories were served of the person(s) answering these interrogatories.

**ANSWER:**

2.    Did you or any person on your behalf take or receive any statements, either orally or in writing, from any person, including parties, who had any information or knowledge relating to the events which are the subject of this action?   If so, state as to each such person:

      (a)   his or her name and address;
      (b)   the date of any such statement;
      (c)   the substance of any such statement;
      (d)   whether such statement is in writing.

If the statement is in writing, attach a copy of these answers to interrogatories.

**ANSWER:**

3.    State whether any statement has been made which could be perceived as an admission or declaration against interest (the words admission and declaration against interest are defined herein as they are commonly used).   If so, Set forth the exact words, if known, and if not known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made.   If the declaration against interest was

reduced to a writing, attach a copy hereto and identify said
documents with the number of this interrogatory.

    **ANSWER:**

4.   State the names and addresses of all persons who have
knowledge of any relevant facts relating to the case and
describe the subject matters about which they have knowledge and
identify the source of such knowledge.

    **ANSWER:**

5.   Identify each and every oral communication between you or
your agents or representatives and Cox or his agents or
representatives concerning the subject matter of this lawsuit.
For each such communication state:

    a.   the date of such communication;
    b.   the participants in such communication;
    c.   the identity of all other persons present during such
        communications or parts thereof; and
    d.   a detailed description of the substance of the
        communication.

    **ANSWER:**

6.    Identify each and every written communication, including,
but not limited to, e-mail correspondence, between you or your
agents or representatives and Cox or his agents or
representatives concerning the subject matter of this lawsuit.
For each such communication state:

    a.    the date of such communication;
    b.    the author of such communication;
    c.    every recipient of such communication; and
    d.    attach a copy of such communication to the responses
       to these interrogatories.

    **ANSWER:**

7.    Describe with specificity and include all facts and attach
all documents which support or in any fashion relate to the
allegations in paragraph eighteen (18) of your Complaint: "Cox,
Lynch and [Hutcheon] agreed to purchase CG's interest in
Coinmaster and to split the total ownership of Coinmaster three
ways among Cox, Lynch and Hutcheon.  Despite this agreement, Cox
proceeded to make intentional misrepresentations to the
Receiver, the State of Delaware, and the casino gaming industry,
as well as to Lynch and Hutcheon with the intent to defraud them
and to put Cox in a better position to purchase the CG shares of
Coinmaster on his own."

    **ANSWER:**

8.    Describe with specificity and include all facts and attach
all documents which support or in any fashion relate to the
allegations in paragraph nineteen (19) of your Complaint: "Cox
misrepresented Lynch's status with Coinmaster.  At times, Cox
represented to State and Tribal authorities and the Receiver
that Lynch had resigned from Coinmaster and was no longer
affiliated with the company.  This representation was false.  At

other times, Cox represented that Lynch was still the Chairman of Coinmaster whenever it was convenient for Cox's self-interest."

    **ANSWER:**

9.   Describe with specificity and include all facts and attach all documents which support or in any fashion relate to the allegations in paragraphs twenty (20) and twenty-one (21) of your Complaint: "On June 3, 2003, without Lynch's knowledge or consent, Cox illegally submitted a gaming application for a Tribal Gaming Vendor License with Santa Ynez Tribal Gaming Agency purportedly made and signed by Lynch.  Cox forged Lynch's signature on the Application and caused that forged signature to be illegally notarized by Allison Kellie Baker, Cox's business associate and Florida Notary Public.  On information and belief, Cox has forged numerous other applications in the same or similar manner."

    **ANSWER:**

10.   Describe with specificity and include all facts and attach all documents which support or in any fashion relate to the allegations in paragraph twenty-three (23) of your Complaint: "Cox used the forged Application(s), and other misrepresentations regarding Lynch on order to obtain the best possible deal to purchase CG's Coinmaster shares held by the Receiver, and to ward off potential third-party purchasers, making a management buyout more attractive and, ultimately, a reality."

    **ANSWER:**

11    Describe with specificity and include all facts and attach
all documents which support or in any fashion relate to the
allegations in paragraph thirty-eight (38) of your Complaint:
"Lynch had reasonable probability of business opportunities with
the casino gaming industry."

     **ANSWER:**

12.    Describe with specificity and include all facts and attach
all documents which support or in any fashion relate to the
allegations in paragraph forty-two (42) of your Complaint:
"Cox's false representations to the Receiver of CG caused the
Receiver to sell CG'as stock in Coinmaster to Cox."

     **ANSWER:**

13.    Describe with specificity and include all facts and attach
all documents which support or in any fashion relate to the
allegations in paragraph forty-three (43) of your Complaint:
"Cox misrepresented to Lynch the nature and content of his
communications to the CG Receiver and misrepresented his intent
to split the shareholder interest in Coinmaster with Lynch."

     **ANSWER:**

14.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph eight (8) of Cox's Amended Counterclaim: "Cox invested in High View which in turn invested substantial funds and human capital resources into developing and owning the rights to new six (6) and ten (10) player station roulette gaming devices (hereinafter both are referred to as the "Devices") for the specific purpose of directly and/or through Coinmaster and/or other entities, marketing and leasing same to various Native American Tribal Casinos in California and other gaming entities in the United States and elsewhere in the world."

    **ANSWER:**

15.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph nine (9) of Cox's Amended Counterclaim: "The work of High View was divided between Cox and Lynch, with Lynch charged with developing the new Device, due to his experience in developing gaming machines, and Cox charged with all financial accounting and project control.  Cox relied on Lynch to carry out the agreed upon common purpose of High View.  Neither Cox nor Lynch was to be paid for these services as the benefits to be realized were to come from High View's success in selling the devices to Coinmaster."

    **ANSWER:**

16.   Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph twelve (12) of Cox's Amended Counterclaim: "On information and belief, Lynch directly and/or via an entity known as AutoGaming, Inc. ("AGI"), misappropriated the Devices and High View's assets and has sought to obtain required approvals and/or licenses from gaming laboratories, state agencies, tribal authorities, and casino management for the purpose of causing such casinos to lease the Devices."

        **ANSWER:**

17.   Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph thirteen (13) of Cox's Amended Counterclaim: "Neither Lynch nor AGI have paid High View for those assets, nor entered into any agreement with High View to acquire or make any use of the Devices."

        **ANSWER:**

18.   Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your response to the allegations in paragraph seventeen (17) of Cox's Amended Counterclaim; specifically, that the deadlock in the management of High View was caused by "Cox's actions and refusal to communicate and conduct High View business with Lynch."

        **ANSWER:**

19.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph twenty-three (23) of Cox's Amended Counterclaim: "Cox and Lynch formed High View for the specific purpose of directly and/or through Coinmaster and/or other entities, marketing and leasing the Devices to various Native American Tribal Casinos in California and other gaming entities in the United States and elsewhere in the world."

    **ANSWER:**

20.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph twenty-four (24) of Cox's Amended Counterclaim: "The purpose of developing the Devices was to benefit High View and its shareholders and beneficiaries and to allow Coinmaster to increase its market share and avoid certain of the problems which had limited its growth in the U.S. market up to that time."

    **ANSWER:**

21.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph twenty-seven (27) of Cox's Amended Counterclaim: "Lynch undertook the development efforts, retaining the services of others and developing the gaming machine allegedly for the benefit of High View and, derivatively, Cox."

    **ANSWER:**

12

22.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph twenty-eight (28) of Cox's Amended Counterclaim: "However, by the Spring and Summer of 2004, it became clear that Lynch considered the software intellectual property rights related to the machine to belong to him, and embarked on a development process which suited his needs and desires, rather than High View's or Cox's"

**ANSWER:**

23.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph twenty-nine (29) of Cox's Amended Counterclaim: "Disagreements on the direction Lynch was taking were unavailing, inasmuch as Lynch simply ignored the advice and demands of Cox."

**ANSWER:**

24.  Describe with specificity and include all facts and attach all documents which support or in any fashion relate to your denial of the allegations in paragraph thirty-two (32) of Cox's Amended Counterclaim: "Lynch never intended to develop the machine for the benefit of High View, Cox or Coinmaster and mislead Cox and Coinmaster into investing in High View without ever intending to use the newly developed gaming machine for the benefit of Cox, High View and High View's shareholders and beneficiaries."

**ANSWER:**

13

25.  State the names and addresses of any and all proposed
expert witnesses.  Set forth in detail the qualifications of
each expert named and attach a copy of each expert's current
resume.  Also attach true copies of all written reports provided
to you by any such proposed expert witnesses.

        With respect to all expert witnesses who are expected to
testify at trial, and with respect to any person who has
conducted an examination, state each such witness's name,
address and area of expertise and attach a true copy of all
written reports provided to you.  If a report is not written,
supply a summary of any oral report provided to you.  State the
subject matter on which your experts are expected to testify.

        State the substance of the facts and opinions to which your
experts are expected to testify and provide a summary of the
factual grounds for each opinion.

        **ANSWER:**

26.  Identify and attach copies of all documents that support or
in any fashion relate to any parties' claims, causes of action,
counterclaims, third-party claims, and any and all defenses to
same.

        **ANSWER:**

14

27.  State whether you have ever been convicted of a crime.

**YES ( )**     or  **NO ( ).**

If the answer is "yes," state:

    (a)  date;
    (b)  place; and
    (c)  nature.

**ANSWER:**

28.  State when AGI was formed, what type of entity it is and in which jurisdiction it was established.  Identify the person who formed AGI as well as all principals/shareholders/officer, directors, employees, and authorized representatives and identify the amount of capital invested in AGI by any persons and entities who have an interest in same.  Attach all documents which in any fashion relate to your answer.

**ANSWER:**

29.  State all reasons why AGI was formed and identify what business it has been involved in since formation and provide its current address and telephone number.  Attach all documents which in any fashion relate to your answer.

**ANSWER:**

30.  State whether AGI has any contracts by which it is obligated to provide any goods or services to any other person or entity.  Attach all documents which in any fashion relate to your answer.

    **ANSWER:**

31.  State whether AGI has sought to obtain, or actually obtained, approvals and/or licenses and/or contracts from or with any gaming laboratories, state agencies, tribal authorities, casino management or from any other entity or person, for the purpose of causing any type of gaming device to be leased, licensed, sold or in any fashion used by a casino or any other type of business.  Attach all documents which in any fashion related to your answer.

    **ANSWER:**

32.  Identify all gaming devices, and patents and other intellectual property owned, controlled, held, or leased by AGI. Attach all documents which in any fashion relate to your answer.

    **ANSWER:**

33.  State when Lynch first advised CUSA and/or Cox that he
(Lynch) had resigned from Coinmaster Gaming, PLC and attach all
documents which in any fashion relate to your answer.

     **ANSWER:**

34.  Describe in detail, all actions, efforts, and services
Lynch claims to have provided during the years 2001 until the
date of the answer of these Interrogatories for the benefit of
or on behalf of CUSA and by way of specificity but not
limitation, describe the number of hours and days worked for
each month of each calendar year and describe in detail the type
and nature of services rendered and the asserted benefit to CUSA
resulting therefrom.  Attach all documents which in any fashion
relate to your answer.

     **ANSWER:**

35.  Describe in detail, all actions, efforts, and services High View Inc. Lynch claims to have provided during the years 2001 until the date of the answer of these Interrogatories for the benefit of or on behalf of High View Inc. and by way of specificity but not limitation, describe the number of hours and days worked for each month of each calendar year and describe in detail the type of nature of services rendered and the asserted benefit to High View Inc. resulting therefrom.  Attach all documents which in any fashion relate to your answer.

**ANSWER:**

36.  Describe in detail each and every type of damage Lynch claims to have suffered as the result of any action, error, omission, and/or communication by CUSA, Cox, or High View Inc. and state the amount of each type of damage and explain and demonstrate how your damages were calculated.  Attach all documents which in
any fashion relate to your answer.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents known to Lynch and AGI which in any way relate to any party's claims, causes of action, counterclaims, third-party claims, and any and all defenses to same.

**RESPONSE:**

2.    Produce all documents Lynch or AGI consulted in connection with the preparation of responses to the foregoing Interrogatories.

**RESPONSE:**

3.    Produce all documents Lynch and AGI intend to use at the trial of this matter.

**RESPONSE:**

4.    Produce all documents provided to any testifying or consulting expert witness who provided any services on behalf of Lynch or AGI.

**RESPONSE:**

5.    Produce all documents identified and requested in the foregoing Interrogatories.

**RESPONSE:**

## CERTIFICATION

The undersigned, of full age, hereby certifies as follows:

1.    The foregoing Answers to Interrogatories are true.


2.    The copies of all writings, documents, and photographs attached to these Interrogatories are exact and true copies of the originals.


3.    The copies of any expert reports attached hereto are exact copies of the entire report(s) as provided to me, that the existence of other reports of said experts, either written or oral, are unknown to me, if such later become known or available, I shall serve them promptly on the propounding party.

4.    I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
                           Daniel Anthony Lynch

Dated:    July _____, 2007

21

## **CERTIFICATION**

The undersigned, of full age, hereby certifies as follows:

1.    The foregoing Answers to Interrogatories are true.


2.    The copies of all writings, documents, and photographs attached to these Interrogatories are exact and true copies of the originals.


3.    The copies of any expert reports attached hereto are exact copies of the entire report(s) as provided to me, that the existence of other reports of said experts, either written or oral, are unknown to me, if such later become known or available, I shall serve them promptly on the propounding party.

4.    I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


                    **AUTOGAMING, INC.**



                    By: _____


WITNESS/ATTEST: _____


Dated:    July _____, 2007


CLAC; 83399.1

22