## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | C.A. No. 06-365 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### DANIEL ANTHONY LYNCH AND AUTO GAMING, INC.'S
### MOTION TO COMPEL

COME NOW, Plaintiff Daniel Anthony Lynch and Third-Party Defendant Auto Gaming, Inc. (together "Lynch"), and respectfully move the Court, pursuant to Federal Rule of Civil Procedure 37, for an Order, in the form attached hereto, compelling Defendants Coinmaster USA, Inc. ("CMUSA") and Paul A. Cox ("Cox") (collectively "Defendants") to answer interrogatories and produce documents requested by Lynch.  In support hereof, Lynch states:

1.      Lynch and Cox are former business partners.  Lynch was the Chairman of the Board of Directors of CMUSA until approximately July 2004.  Cox is CMUSA's President, CEO, and majority shareholder.  Lynch's United Kingdom company, Coinmaster Gaming

Products Limited ("CG"), was the majority shareholder of CMUSA.  On March 3, 2003, the Bank of Scotland put CG into administrative receivership.  Ernst & Young was appointed CG's administrative receiver ("Receiver").  For over a year, the Defendants negotiated with the Receiver to purchase CG's majority interest in CMUSA.  The Defendants' conduct during their dealings with the Receiver is at the heart of Lynch's case.  Lynch's and Cox's business relationship eventually ended and Lynch filed the Complaint in this case on April 5, 2006.

2.      On January 16, 2007, Lynch filed his First Set of Interrogatories and Requests for Production of Documents to Defendants ("First Set of Discovery").  A copy of the First Set of Discovery is attached hereto as Exhibit "A."  After numerous delays, extensions, and missed deadlines, on March 30, 2007, Defendants served their responses to the First Set of Discovery.  A copy of Defendants' responses is attached hereto as Exhibit "B."  However, Defendants failed to produce any documents.

3.      After Lynch made multiple, additional requests for Defendants to produce documents, on April 16, 2007, Defendants produced a single document.  Therefore, Lynch filed a Motion to Compel on April 20, 2007.  Lynch withdrew the motion on May 7, 2007 because Defendants produced documents, which they claimed were responsive.  That was not the case.

4.      Defendants' production consisted almost exclusively of e-mail correspondence between November 14, 2002 and March 16, 2004.  No documents dated after March 16, 2004 were produced.  Defendants also claimed a privilege for documents and communications with the Receiver.  In addition, Defendants failed to produce any documents in response to Request for Production Nos. 4, 6, 7, 8, 10, and 11 or any documents related to Defendants' Answer to Interrogatory No. 3.  On June 21, 2007, Lynch requested Defendants supply supplemental documents by the end of June 2007.  A copy of the June 21, 2007 correspondence is attached hereto as Exhibit "C."  To date, Defendants have failed to produce any more documents or to

2

explain their asserted privilege.

5.      Defendants provided a privilege log as part of their May 7, 2007 production of documents.  A copy of the privilege log is attached hereto as Exhibit "D."  Defendants are improperly withholding at least ten responsive documents pursuant to Defendants' assertion of the attorney-client privilege and work-product doctrine.

6.      Defendants incorrectly deem as privileged, communications between Cox and the Receiver, Ernst & Young.  Tellingly, Defendants previously produced some communications between the Receiver and Cox, but for an unknown reason are withholding others.

7.      Defendants' assertion of privilege over documents and communications with the Receiver is wrong.  The work-product doctrine does not apply.  Work-product protection covers documents and tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3).  "Attorney work product includes documents prepared by counsel, or at counsel's direction, in preparation for trial or in anticipation of litigation."  Pettingill v. Caldwell, 2006 WL 2439842, *1 (D. Del. 2006) (internal citation omitted).[1]  The mere fact that an attorney is involved in the communications is not conclusive.  The attorney must represent the client for the provision of legal advice.  See Id.

8.      On their face, the documents Defendants withheld are not work-product.  First, the Receiver is not either CMUSA's or Cox's attorney.  In fact, as the Receiver, its position was adverse to Defendants.   In fact, both the Receiver and Defendants hired different and independent counsel to aid in negotiations.  Second, the communications were not made in anticipation of litigation.  The communications cover a period of time more than a year before this case was commenced and prior to the dispute that led to litigation.  Moreover, the withheld

documents cover core issues in Lynch's claims against both CMUSA and Cox.

9.    On June 25, 2007, Lynch served Defendants with a Second Set of Interrogatories and Requests for Production ("Second Set of Discovery").  A copy of the Second Set of Discovery is attached hereto as Exhibit "E."  Shortly thereafter, the parties agreed to concentrate on negotiating a settlement of the matter.  No discovery was exchanged during that time.  When that effort failed, on September 10, 2007, Lynch requested that Defendants respond to all outstanding discovery and requested supplementation by September 28, 2007, including production of the withheld documents related to the Receiver.  A copy of the September 10, 2007 correspondence is attached hereto as Exhibit "F."  Defendants failed to meet that deadline. After another round of discussions, Defendants agreed to respond to discovery by October 16, and then, when that deadline passed, by November 2, 2007.  To date, Defendants have failed to respond in any way to the Second Set of Discovery.  Because of Defendants' abject failure to the agreed upon deadlines, Lynch was unable to meet the Court's dispositive motion deadline.

WHEREFORE, Lynch respectfully requests the Court grant his motion and compel CMUSA and Cox to produce all responsive documents and provide responsive interrogatory answers, and award sanctions, including attorneys' fees and costs for this motion.  Lynch also requests additional time within which to file dispositive motions.

SEITZ, VAN OGTROP & GREEN, P.A

/s/ Kevin A. Guerke
JAMES S. GREEN, SR., ESQ. (DE0481)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
Attorneys for Plaintiff
Date:  November 9, 2007                    Third-Party Defendant

---

[1] Unreported Decisions attached hereto as Exhibit "G."

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DANIEL ANTHONY LYNCH,        )
                            )     C.A. No. 06-365
          Plaintiff,       )
                            )     JURY TRIAL DEMANDED
        v.              )
                            )     NON-ARBITRATION
COINMASTER USA, INC.,         )
a Delaware corporation, and     )
PAUL A. COX,              )
                            )
          Defendants.     )

## NOTICE OF SERVICE

I, Kevin A. Guerke, Esquire, do hereby certify that on this 16th of January, 2007, I served

Plaintiff's First Set of Interrogatories and Requests for Production of Documents Directed to

Defendants via first class mail, postage prepaid upon the following counsel of record::

Thomas P. Preston, Esq.
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 Market Street
Wilmington, DE 19801-4226

Erin K. Brignola, Esq.
Cooper Levenson April Nieldelman
  & Wagenheim P.A.
30 Fox Hunt Drive
Bear, DE 19701

SEITZ, VAN OGTROP & GREEN, P.A

/s/ Kevin A. Guerke
**JAMES S. GREEN, SR., ESQ. (DE0481)**
**KEVIN A. GUERKE, ESQ. (DE2747)**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600
           Attorneys for Plaintiff

Dated: January 16, 2007
57517 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | C.A. No. 06-365 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff hereby requests that

Defendants answer under oath the following Interrogatories and respond to the following

Requests for Production.

## INSTRUCTIONS

1.     These Interrogatories and Requests are continuing interrogatories and

requests and require supplementation as the answering party obtains further information relating

to the answers or responses provided herein.

57359 v1

2.      If any Interrogatory or Request, or portion thereof, cannot be answered fully, the Interrogatory or Request shall be answered to the extent possible and the response shall set forth the reasons for the failure to answer more fully.

3.      If any document or other material required to be identified in response to these Interrogatories or produced under the Requests is something which you claim to be protected on the basis of the attorney/client, work product or other privilege, you are requested to: (a) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent or shown; (b) specify the date on which the document or material was prepared or transmitted; (c) identify the subject matter of the document or material; (d) describe the nature of the document (e.g., letter, telegram, etc.); (e) state briefly why the document or other material is claimed to be privileged or to constitute work product; and, (f) state the paragraph of this request to which the document relates.

4.      If a portion of an otherwise responsive document or other material contains information subject to a claim of privilege, those portions of the document or other material subject to the claim of privilege shall be deleted or redacted from the document or material and the rest of the document or material shall be produced.

5.      Where the answer to an Interrogatory requires the identification of documents, it shall be sufficient to answer such Interrogatory by supplying copies of the documents. However, if any of the aforementioned documents cannot be produced because they have been lost or destroyed or otherwise disposed of, you are requested to: (a) describe in detail the nature of the document and its contents; (b) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent and indicated or blind copies; (c) specify the date on which the document was prepared or transmitted; and, (d) specify, if possible, the date on which the document was lost or destroyed

57359 v1

2

and, if destroyed, the circumstances of and reasons for such destruction and the persons requesting or performing that destruction.

## **DEFINITIONS**

1.    The terms "you" and "your", refer to the answering Defendant, Paul A. Cox or Coinmaster USA, Inc., and shall include you as the defendant, your attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on your behalf.

2.    The term "Plaintiff" or "Lynch", means and refers to Plaintiff Daniel Anthony Lynch and his attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on his behalf.

4.    The term "CMUSA", and any derivative thereof, means and refers to Defendant Coinmaster USA, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

5.    The term "High View", and any derivative thereof, means and refers to High View, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

6.    The term "Contract" means and refers to the Lynch and CMUSA agreement that is attached to the Complaint as Exhibit "A".

7.    The term "Complaint" means and refers to the complaint filed by Plaintiff now pending in the U.S. District Court for the District of Delaware, <u>Daniel Anthony Lynch v. Coinmaster USA, Inc. and Paul A. Cox</u>, C.A. No. 06-365, and any subsequent amendments thereto.

8.     The term "document" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written or other recorded, graphic or photographic matter of any kind or character whether produced or reproduced, and includes, without limiting the generality of the foregoing, all photographs, letters, emails, telegrams, teletypes, correspondence, contracts, agreements, drafts, proofs, workpapers, applications, financial statements, resumes, notes to files, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, computer programs, tapes or discs, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, transcripts, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, bills and invoices, including originals and copies of any of the foregoing, whether typed, printed, handwritten or on tape or otherwise recorded, and any material underlying, supporting, or used in the preparation of any such document.  If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were identical but found in different files, not identical, or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is a separate document.

9.     The term "statement" means and refers to any verbalizations and includes testimony given in connection with the instant litigation.

10.     The term "relates to" or any derivative thereof, as used herein, means: constitutes, refers to, reflects, concerns, pertains to, or in any way logically or factually connects with the matter described in the request.

11. The term "person", as used herein, means: an individual, firm, corporation, partnership, sole proprietorship, association or other legal or governmental entity, including any divisions or departments within any of the aforementioned.

12. The term "communication" means any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements and understandings, whether transmitted in person or by an electronic device such as telephones or radio, and documents, as defined above.

13. The term "identify", when used in reference to a natural person or other legal entity, means:

    (a)    With respect to a natural person:

        (i)    state the person's full name;

        (ii)    state the person's present or last known business and residence addresses; and

        (iii)    state the person's present or last known position and business affiliations.

    (b)    With respect to a legal entity other than a natural person, such as a corporation, partnership, joint venture or group:

        (i)    state its full name;

        (ii)    state the present or last known address of its principal place of business or its principal office;

        (iii)    in the case of a corporation, set forth the State of its incorporation; and

(iv)    in the case of an entity other than a corporation, identify each and every person having an ownership therein.

14.    The term "identify", when used in reference to an event or occurrence, including a communication, meeting or statement, means:

(a)    State the time and date of the event or occurrence.

(b)    State the nature of the event or occurrence (e.g., telephone call, meeting, deposition, etc.).

(c)    Specify the place where the event or occurrence took place.

(d)    Identify every participant in the event or occurrence.

(e)    Identify every non-participating witness to the event or occurrence.

(f)    Identify the person or persons of whom each and every participant and witness was a representative or agent.

(g)    Identify each and every document, whether predating, postdating or contemporaneous with the event or occurrence, describing, referring to, used in connection with, or otherwise relating to such event or occurrence.

(h)    Describe the event or occurrence and, if it was a meeting, communication or statement, state the substance of the matters communicated or discussed.

15.    The term "identify", when used in reference to a document, means:

(a)    State the type of document (e.g., contract, letter, report, etc.) or some other means of distinguishing the document, the date of the document or, if undated, the date of preparation of the document, author(s), title (if any), the content of the document, and the number of pages.

(b)    Identify each and every person who prepared or participated in the preparation (a "preparer") of the document.

57359 v1

6

(c)    Identify the person or persons of whom each and every author and preparer was a representative.

(d)    If the document exists, state the present location(s) of the document.

(e)    If the document does not exist, state the disposition of the document.

(f)    Identify each and every person to whom the document was addressed, shown or sent (addressees) and each and every person who has or ever had possession, custody or control of the document, and for each such person state the date on which it was sent, shown or on which possession, custody or control began and ended.

(g)    State whether any copy of the document differs from the original by reason of shorthand or other written notes or any other modification.

(h)    If the document has an identifying number, state the identifying number; if the document has been marked for identification in any deposition conducted in the instant action, state the identification number of each copy of the document.

16.    "Describe" means:  (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law; and (b) where applicable, particularize as to:  (i) time, (ii) date, and (iii) manner; (c) identify each and every person having personal knowledge of such facts.

16.    Unless otherwise indicated in the Interrogatories or Requests, the singular includes the plural and the plural includes the singular.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory or Request inclusive rather than exclusive.  The use of the word "including" shall be construed to mean "without limitation".

57359 v1

7

## INTERROGATORIES

1.    If you contend that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272), please describe all facts that support your contention.

**ANSWER:**


2.    If you contend that Plaintiff terminated the Contract he entered into with CMUSA, please describe all facts that support your contention.

**ANSWER:**


3.    If you contend that you made any investment in High View, including but not limited to monetary investment or the contribution of human capital resources, please describe all facts that support your contention.

**ANSWER:**


4.    If you contend that the Contract is null and void and/or voidable, please describe all facts that support your contention.

**ANSWER:**


5.    If you contend that it was the parties' true intentions that the Contract was to serve as a "Poison Pill", please describe all facts that support your contention.

**ANSWER:**


57359 v1

8

6.     Identify all persons providing information for the answers to these interrogatories, including for which interrogatory each provided information, and information provided by that person, if more than one person provided information.

**ANSWER:**

7.     Identify each person you contend was a witness to, or has any knowledge of any facts or discoverable information related to the Complaint, your Amended Counterclaim, or your Amended Third-Party Complaint, and describe the relevant facts which you believe are known to such person.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Please produce the following documents:

1.     All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272).

**RESPONSE:**

2.     All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA or terminated the Contract.

**RESPONSE:**

3.     All documents relating to, or that support or contradict, your Affirmative Defenses.

**RESPONSE:**

4.    All documents relating to your or High View's ownership interest or intellectual property rights in the roulette games described in your Amended Counterclaim.

**RESPONSE:**

5.    All documents identified, referred to, reflected in or relating to the answers to the foregoing interrogatories, or upon which you relied in answering the foregoing interrogatories.

**RESPONSE:**

6.    All documents related to, or that support, any damages and/or recovery you seek from Plaintiff in this action.

**RESPONSE:**

7.    All documents related to your ownership interest in CMUSA, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

8.    All documents related to your ownership interest in High View, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

9.    All documents related to any communication with the receiver for Coinmaster

Gaming Products Limited (U.K. Company Registration No. 02253400) and/or Coinmaster

Gaming PLC (U.K. Company Registration No. 01471272), including any person acting on the

receiver's behalf.

**RESPONSE:**

10.    All documents related to any CMUSA board of directors meeting or annual

general meeting, including but not limited to meeting minutes, agendas, and/or resolutions.

**RESPONSE:**

11.    All documents related to any communications with Duel Cooper, including any

person acting on Duel Cooper's behalf.

**RESPONSE:**

                                        SEITZ, VAN OGTROP & GREEN, P.A

                                        /s/ Kevin A. Guerke
                                        JAMES S. GREEN, SR., ESQ. (DE0481)
                                        KEVIN A. GUERKE, ESQ. (DE4096)
                                        222 Delaware Avenue, Suite 1500
                                        P. O. Box 68
                                        Wilmington, DE  19899
                                        (302) 888-0600
                                                Attorneys for Plaintiff

Dated: 1/16/07

57359 v1                        11

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL ANTHONY LYNCH,                        )
                                             )
        Plaintiff,                           )
                                             )            C.A. No. 06-365 JJF
                v.                           )
                                             )
COINMASTER USA, INC.,                        )
a Delaware corporation,                      )
                                             )
        Defendant/Counterclaim Plaintiff,    )
                                             )
PAUL A. COX,                                 )
                                             )
        Defendant/Counterclaim Plaintiff and )
        Third-Party Plaintiff,               )
                                             )
                v.                           )
                                             )
AUTO GAMING, INC.,                           )
                                             )
        Third-Party Defendant.               )

**NOTICE OF SERVICE**

        I, Thomas P. Preston, hereby certify that on the 30th day of March, 2007, a copy of

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DIRECTED TO DEFENDANTS** was served on the following counsel of record:

**BY ELECTRONIC SERVICE**

        James S. Green, Esquire
        Kevin A. Guerke, Esquire
        Seitz, Van Ogtrop & Green, P.A.
        222 Delaware Avenue, Suite 1500
        P.O. Box 68
        Wilmington, DE 19899

        AND

125762.00601/40167972v.1

Erin K. Brignola, Esquire
Cooper Levenson April Niedelman &
  Niedelman & Wagenheim, P.A.
30 Fox Hunt Drive
Bear, DE 19701


**BY FIRST-CLASS MAIL**

Kevin J. Thornton, Esquire
Cooper Levenson, Attorneys at Law
1125 Atlantic Avenue
Atlantic City, NJ 08401


**BLANK ROME LLP**

Thomas P. Preston (I.D. No. 2548)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
Attorneys for Defendant Coinmaster USA, Inc.

Dated:   March 30, 2007

125762.00601/40167972v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-365 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANTS**

Defendant Coinmaster USA, Inc. ("Defendants") and Paul A. Cox ("Cox") respond as

follows to Plaintiff's First Set of Interrogatories and Requests for Production of Documents

## GENERAL OBJECTIONS

The following General Objections apply to each of Plaintiff's Interrogatories, Requests

for Production, Definitions, and Instructions (collectively referred to herein as "interrogatories"

or "requests"):

1.      Defendants object to the interrogatories and requests for production of documents

to the extent they exceed the permissible scope of discovery or seek to impose obligations or

125762.00601/40167972v.1

requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the District of Delaware. In responding to each request, Defendants will provide only such information as required by those rules.

2.    Defendants object to the interrogatories and requests for production of documents to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. No part of this response shall in any way be deemed a waiver of any such available privilege or doctrine. If documents which otherwise would have been identified and/or made available for inspection and copying in response to these interrogatories and requests for production of documents are withheld as privileged or otherwise immune from discovery, Defendants will identify them on a privileged document list. Defendants further object to the production or identification on a privileged document list of any responsive privileged or work-product documents generated after the initiation of this action.

3.    Defendants object to the interrogatories and requests for production of documents as overly broad and unduly burdensome to the extent they seek information that is solely within the possession, custody, or control of entities who are independent from Defendants. Neither the Federal Rules of Civil Procedure nor the Local Rules of the District of Delaware requires Defendants to attempt to obtain information that is within another party's possession, custody, or control.

4.    Defendants object to these interrogatories and requests for production of documents as overly broad, unduly burdensome, and cumulative to the extent they seek information that is publicly available to plaintiff.

2

5.    Defendants object to the interrogatories and requests for production of documents to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories and requests for production of documents permitted in this action.

6.    Defendants object to Plaintiff's document requests to the extent that they seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to Plaintiff's document requests to the extent that they seek documents that are already in the possession of Plaintiff or are readily accessible to Plaintiff, or that purport to impose upon Defendants an obligation to search publicly available materials when such materials are not otherwise contained in files maintained by Defendants.    Such an obligation is unreasonable and unduly burdensome.

8.    Defendants object to Plaintiff's document requests to the extent that they seek materials that require extensive and unreasonable investigatory work on the part of Defendants, as unduly burdensome.

9.    Defendants object to Plaintiff's document requests to the extent that they seek the production of voluminous files or immaterial or marginally relevant documents and information, as unduly burdensome.

10.    Defendants object to Plaintiff's document requests to the extent that they prematurely seek documents to be provided by expert witnesses.

11.    Any response herein is not an admission of relevance, materiality, or admissibility of the information provided.

3

12.    In providing documents in response to a document request, Defendants do not in any way waive or intend to waive, but rather intends to preserve and is preserving:

(a)    all objections as to competency, relevancy, materiality, and admissibility of the document request, the responses, and their subject matter;

(b)    all objections as to the vagueness, ambiguity, or other infirmity in the form of document requests, the responses, and their subject matter;

(c)    all rights to object on any ground to the use of any the responses, or their subject matter, in any subsequent proceedings;

(d)    all rights to object on any ground to any further document requests or other discovery requests involving or relating to the subject matter of the document request;

(e)    the right to supplement responses to the document request prior to commencement of the trial; and

(f)    any and all privileged and/or rights under the applicable Federal Rules of Civil Procedure, Local Rules, statutes or the common law.

In addition to the General Objections set forth above, Defendants may also state specific objections to interrogatories and requests for production of documents where appropriate, including objections that are generally applicable to each specific request. By setting forth such specific objections, Defendants do not intend to limit or restrict the General Objections set forth above.

Defendants reserve the right to supplement/amend this document should additional relevant material become available.

4

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    If you contend that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272), please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this interrogatory as a premature contention interrogatory. Defendants also object to this Interrogatory to the extent the requested information is in the possession, custody or control of Plaintiff or the requested information can be obtained by Plaintiff just as easily as by Defendants. Subject to, and without waiving the foregoing objections, Defendants direct Plaintiff to Plaintiff's Letter of Resignation attached hereto as Exhibit A.

2.    If you contend that Plaintiff terminated the Contract he entered into with CMUSA, please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this Interrogatory to the extent the requested information is in the possession, custody or control of Plaintiff or the requested information can be obtained by Plaintiff just as easily as by Defendants. Subject to, and without waiving the foregoing objections, Defendants direct Plaintiff to sections 17 and 18.1 of the Service Agreement attached as Exhibit 1 to Answer of Defendant Coinmaster USA, Inc. to Complaint.

3.    If you contend that you made any investment in High View, including but not limited to monetary investment or the contribution of human capital resources, please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections. Subject to, and without waiving the foregoing objections, Defendants will produce documents from which information

125762.00601/40167972v.1

potentially responsive to this interrogatory may be derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

4.    If you contend that the Contract is null and void and/or voidable, please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this Interrogatory to the extent the requested information is in the possession, custody or control of Plaintiff or the requested information can be obtained by Plaintiff just as easily as by Defendants. Subject to, and without waiving the foregoing objections, Defendants direct Plaintiff to sections 3 and 16 of the Service Agreement attached as Exhibit 1 to Answer of Defendant Coinmaster USA, Inc. to Complaint and to the November 15, 2002 Amendment attached as Exhibit A to the Complaint.

5.    If you contend that it was the parties' true intentions that the Contract was to serve as a "Poison Pill", please describe all facts that support your contention.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants do not understand this interrogatory and are therefore unable to respond.

6.    Identify all persons providing information for the answers to these interrogatories, including for which interrogatory each provided information, and information provided by that person, if more than one person provided information.

**RESPONSE:**

Paul A. Cox

7.    Identify each person you contend was a witness to, or has any knowledge of any facts or discoverable information related to the Complaint, your Amended Counterclaim, or your Amended Third-Party Complaint, and describe the relevant facts which you believe are known to such person.

6

**RESPONSE:**

    Paul A. Cox

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

    1.    All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA, Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400), and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272).

**RESPONSE:**

    Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

    2.    All documents relating to, or that support or contradict, your contention that Plaintiff resigned from CMUSA or terminated the Contract

**RESPONSE:**

    Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

    3.    All documents relating to, or that support or contradict, your Affirmative Defenses.

**RESPONSE:**

    Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this

125762.00601/40167972v.1

request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

4.    All documents relating to your or High View's ownership interest or intellectual property rights in the roulette games described in your Amended Counterclaim.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this request as vague, overly broad, and unduly burdensome.  Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

5.    All documents identified, referred to, reflected in or relating to the answers to the foregoing interrogatories, or upon which you relied in answering the foregoing interrogatories.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this request as vague, overly broad, and unduly burdensome.  Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

6.    All documents related to, or that support, any damages and/or recovery you seek from Plaintiff in this action.

**RESPONSE:**

Defendants incorporate by reference their general objections.  Defendants object to this request as vague, overly broad, and unduly burdensome.  Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work

8

product doctrine.  Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

   7.    All documents related to your ownership interest in CMUSA, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

   Defendants incorporate by reference their general objections.  Defendants object to this request as vague, overly broad, and unduly burdensome.  Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

   8.    All documents related to your ownership interest in High View, including but not limited to securities, share certificates, share books, and/or share registers.

**RESPONSE:**

   Defendants incorporate by reference their general objections.  Defendants object to this request as vague, overly broad, and unduly burdensome.  Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

   9.    All documents related to any communication with the receiver for Coinmaster Gaming Products Limited (U.K. Company Registration No. 02253400) and/or Coinmaster Gaming PLC (U.K. Company Registration No. 01471272), including any person acting on the receiver's behalf.

**RESPONSE:**

   Defendants incorporate by reference their general objections.  Defendants object to this request as vague, overly broad, and unduly burdensome.  Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work

9

product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

10.    All documents related to any CMUSA board of directors meeting or annual general meeting, including but not limited to meeting minutes, agendas, and/or resolutions.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

11.    All documents related to any communications with Duel Cooper, including any person acting on Duel Cooper's behalf.

**RESPONSE:**

Defendants incorporate by reference their general objections. Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing objections, Defendants will produce relevant, non-privileged responsive documents, if any, at a mutually agreeable time and place.

**BLANK ROME LLP**

Thomas P. Preston (I.D. No. 2548)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
Attorneys for Defendant Coinmaster USA, Inc.

Dated:    March 30, 2007

10

125762.00601/40167972v.1

STATE OF FLORIDA          )
                          ) SS.
COUNTY OF   *Orange*      )

## VERIFICATION

I, Paul A. Cox, declare that the answers contained in the **DEFENDANTS'**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES** are true and correct to the best of my knowledge, information and
belief.

_____
                    Paul A. Cox

SUBSCRIBED AND SWORN to before me
this _24_ day of _march_ , 2007.



_____
Notary Public

Commission Expires: _9/21/2010_

125762.00601/40168046v.1

# EXHIBIT C

SEITZ, VAN OGTROP & GREEN, P.A.

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

(302) 888-0600
FAX: (302) 888-0606

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

Writer's Direct Dial:  (302) 888-7603
Writer's E-Mail Address:  jgreen@svglaw.com
www.lawyers.com/svglaw

June 21, 2007

*VIA E-MAIL & FIRST CLASS MAIL*

Thomas P. Preston, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE  19801-4226

Erin K. Brignola, Esquire
Cooper Levenson April Nieldelman
& Wagenheim P.A.
30 Fox Hunt Drive
Bear, DE  19701

RE:    *Daniel Anthony Lynch v.*
       *Coinmaster USA, Inc. and Paul A. Cox*

Dear Tom and Erin:

I am writing to follow up on Defendants Paul Cox and Coinmaster's document production.   Defendants' production essentially consists of email correspondence dated November 14, 2002 to March 16, 2004.   However, no documents dated after March 16, 2004 were produced. It also appears that Defendants did not provide any documents responsive to RFP Nos. 4, 6, 7, 8, 10 and 11 or any documents related to Defendants' Answer to Interrogatory No. 3. RFP 4 covers all documents related to Defendants' ownership interest and intellectual property rights related to High View.   PRF 6 covers documents related to Defendants' alleged damages.   RFP Nos. 7 and 8 cover documents related to Defendants' ownership interest in Coinmaster and High View.  RFP 10 covers all documents related to Coinmaster board of director or annual meetings, including minutes, agendas, and resolutions.   RFP 11 covers all documents related to communications with Duel Cooper.   No documents were provided responsive to any of the above mentioned discovery requests.   Please produce responsive documents by the end of the month.

59767 v1

Thomas P. Preston, Esquire
Erin K. Brignola, Esq.
June 19, 2007
Page 2

    Furthermore, Defendants assert a privilege, which Plaintiff disputes, for the following documents identified in the Privilege Log:

| Date | From | To | Subject | Privilege |
|------|------|-----|---------|-----------|
| 6/14/04 | P. Cox | G. Guarton | Contact with Salad | a/c, w/p |
| 8/19/04 | Kover | P. Cox | 3 pages re status | a/c, w/p |
| 8/19/04 | T. Preston, Esquire | A. Denton | 2 pages complaint | a/c, w/p |
| 8/24/04 | I. Best | P. Cox | 2 pages re hurricane | w/p |
| 8/25/04 | I. Best | P. Cox | 3 pages re resolution | w/p |
| 8/26/04 | I. Best | P. Cox | 3 pages re discussions with Lynch | w/p |
| 1/31/05 | P. Cox | B. Hutcheon | 1 page re Lynch email | w/p, a/c |
| 6/17/04 | P. Cox | G. Guarton, Esq. | 1 page documentation | a/c, w/p |
| 10/11/04 | P. Cox | I. Best | 3 pages summary | w/p |
| 10/12/04 | I. Best | P. Cox | 1 page summary | w/p |

    I do not know the identity of G. Guarton, Kover, or A. Denton. If they are attorneys, perhaps a more detailed explanation of the professional relationship with Defendants and the nature of the communication would clear up the issue.

    The documents including I. Best should not be withheld as privileged. I. Best is an employee of Ernst & Young, LLP, the former bank receiver for Coinmaster Gaming PLC and Coinmaster Gaming Products Limited. I. Best, therefore, is an adverse Third-Party not covered by the work product doctrine, especially considering the documents withheld are dated more than a year and a half before this action was filed. There is also no indication that the documents were prepared in anticipation of this litigation.

Thomas P. Preston, Esquire
Erin K. Brignola, Esq.
June 19, 2007
Page 3


Finally, there is no indication that the P. Cox and B. Hutcheon document was prepared in anticipation of this litigation.  The document is dated a year before filing and the attorney-client privilege should not apply since neither are attorneys.

I request that you produce the above mentioned documents or provide me with a more detailed explanation regarding the nature of the asserted privilege.

If you have any questions, please do not hesitate to contact me.


Sincerely,

Kevin A. Guerke


KAG/drc

cc:    Daniel Anthony Lynch, Esq. (via e-mail)
       James S. Green, Esq. (firm)

# EXHIBIT D

## PRIVILEGE LOG

Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
**File No. 50,675-1**

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|------|------|-----|---------|-----------|
| 3/10/03 | Lloyd D. Levenson, Esq. | Paul Cox | 2 page e-mail re: Billing of law firm | a/c |
| 3/20/03 | Paul Cox | Laura McAllister Cox, Esq. | 7 page letter, retainer information, outline | a/c |
| 3/20/03 | Laura Cox, Esq. | Paul Cox | 3 page e-mail re UK counsel | a/c |
| 5/6/03 | Laura Cox, Esq. | Paul Cox | 3 page e-mail re stock option | a/c |
| 8/19/03 | Robert Salad, Esq. | Paul Cox | 2 page e-mail in response to earlier e-mail on same day from Cox to Salad re Bank of Scotland | a/c |
| 8/25/03 | Robert Salad, Esq. | Paul Cox | 2 page e-mail in response to e-mail from Cox to Salad earlier in day re review of bank documents and future phone call | a/c |
| 8/28/03 | Paul Cox | Robert Salad, Esq. | 1 page memo re various questions | a/c |
| 10/22/03 | Robert Salad, Esq. | Paul Cox | 4 page e-mail responding to e-mail of same date from Paul Cox to Robert Salad re bringing counsel up to date and response to same | a/c |
| 5/30/03 | Robert Salad, Esq. | Paul Cox | 1 page letter re conversation with Blank Rome | a/c |
| 11/13/03 | Paul Cox | Robert Salad, Esq. | 2 page e-mail re current status | a/c |
| 11/13/03 | Robert Salad, Esq. | Paul Cox | 3 page e-mail in response to earlier e-mail from Cox to Salad re current status | a/c |
| 11/14/03 | Robert Salad, Esq. | Paul Cox | 2 page e-mail responsive to earlier e-mail from Cox to Salad re drafting of agreements | a/c |

1

# PRIVILEGE LOG

Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
**File No. 50,675-1**

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|------|------|-----|---------|-----------|
| 1/16/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail responsive to e-mail of 1/15/04 from Cox to Salad re receiver's local counsel- | a/c |
| 4/28/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail responsive to e-mail from Cox to Salad earlier in day re draft of documents | a/c |
| 6/16/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re agreements | a/c |
| 6/16/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re Mr. Folsom | a/c |
| 6/22/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re receiver | a/c |
| 6/16/04 | Robert Salad, Esq. | Paul Cox | 3 page e-mail re Service Agreement in response to e-mail from Cox to Salad of same date | a/c |
| 6/16/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail re Mr. Folsom in response to e-mail from Cox to Salad of same date | a/c |
| 6/17/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail forwarding e-mail from Mr. Guarton to Mr. Folsom re settlement agreement | a/c |
| 6/21/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail in response to e-mail earlier from Cox to Salad re Mr. Folsom | a/c |
| 6/22/04 | Robert Salad, Esq. | Paul Cox | 3 page e-mail in response to e-mail earlier from Cox to Salad re "Tony situation" | a/c |
| 6/25/04 | Robert Salad, Esq. | Paul Cox | 3 page e-mail re Bank of Scotland | a/c |

2

# PRIVILEGE LOG

## Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
### File No. 50,675-1

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|------|------|----|---------|-----------|
| 7/2/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail re Mr. Folsom in response to e-mail of earlier in day from Cox to Salad | a/c |
| 7/12/04 | Robert Salad, Esq. | Paul Cox | 3 page e-mail in response to e-mail from Cox to Salad earlier in day re Mr. Lynch | a/c |
| 7/12/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail forward 7/12/04 e-mail from Lynch to Cox and comment on same | a/c |
| 7/12/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re Mr. Lynch | a/c |
| 7/12/04 | Paul Cox | Robert Salad, Esq. | 2 page-mail forwarding e-mail from Mr. Lynch on 5/24/04 | a/c |
| 7/15/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re Mr. Folsom | a/c |
| 7/23/04 | Robert Salad, Esq. | Paul Cox | 3 page e-mail in response to forwarding of letter to receivers in UK | a/c |
| 7/26/04 | Robert Salad, Esq. | Paul Cox | 2 page e-mail re any response from receiver | a/c |
| 8/4/04 | Robert Salad, Esq. | Paul Cox | 5 page e-mail in response to earlier e mails re Mr. Berger | a/c |
| 8/10/04 | Robert Salad, Esq. | Paul Cox | 5 page e-mail in response to e-mail earlier in day from Cox to Salad re Mr. Berger | a/c |
| 10/25/04 | Robert Salad, Esq. | Paul Cox | 1 page e-mail(e-mail itself refers to 3 pages although only 1 page in documents) re copy of minutes | a/c |
| 11/23/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re Tony Lynch | a/c |

3

## PRIVILEGE LOG

Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
**File No. 50,675-1**

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|------|------|----|---------|-----------|
| 11/19/04 | Paul Cox | Robert Salad, Esq. | 1 page e-mail re distribution west of Miss. | a/c |
| 11/11/04 | Robert Salad, Esq. | Paul Cox | 3 page e-mail re letter from Tom Preston | a/c |
| 11/11/04 | Paul Cox | Robert Salad, Esq. | 1 page letter to counsel re Mr. Lynch's proposal of 11/2/04 | a/c |
| 3/20/04 | B. Berger, Esq. | Paul Cox, R. Salad, Esq | Term sheet | a/c, w/p |
| 6/17/04 | P. Cox | G. Guarton | Contact with Salad | a/c, w/p |
| 8/18/04 | T. Preston, Esq. | P. Cox | Re Lynch complaint 1 page | a/c, w/p |
| 8/18/04 | T. Preston, Esq. | P. Cox | 2 pages re complaint | a/c, w/p |
| 8/19/04 | Kover | P. Cox | 3 pages re status | a/c, w/p |
| 8/19/04 | T. Preston, Esq. | A. Denton | 2 pages complaint | a/c, w/p |
| 8/19/04 | T. Preston, Esq. | R. Salad | 3 pages re settlement agreement | w/p |
| 8/24/04 | I. Best | P. Cox | 2 pages re hurricane | w/p |
| 8/24/04 | R. Salad, Esq. | P. Cox | 2 pages re costs | a/c |
| 8/25/04 | I. Best | P. Cox | 3 pages re resolution | w/p |
| 8/26/04 | I. Best | P. Cox | 3 pages re discussion with Lynch | w/p |
| 8/30/04 | T. Preston | P. Cox | 1 page discussions with Lynch | a/c, w/p |
| 8/30/04 | R. Salad | P. Cox | 3 pages service agreement | a/c, w/p |
| 8/31/04 | R. Salad, Esq. | P. Cox | 4 pages status | a/c |
| 8/31/04 | P. Clark, Esq. | P. Cox | 1 page flash drive | a/c, w/p |
| 9/8/04 | T. Preston, Esq. | P. Cox | 2 pages litigation | a/c, w/p |

4

# PRIVILEGE LOG

Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
**File No. 50,675-1**

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|---|---|---|---|---|
| 9/10/04 | T. Preston, Esq. | P. Cox | 1 page re status with Lynch | a/c, w/p |
| 10/25/04 | R. Salad, Esq. | P. Cox | 3 pages AGM | a/c |
| 10/18/04 | T. Preston, Esq. | P. Cox | 1 page re status | a/c, w/p |
| 10/18/04 | T. Preston, Esq. | P. Cox | 1 page re minutes | a/c, w/p |
| 10/12/04 | R. Salad, Esq. | P. Cox | 2 pages meeting with Lynch | a/c, w/p |
| 11/17/04 | P. Cox | T. Preston, Esq. | 1 page executed copy | a/c, w/p |
| 11/17/04 | P. Cox | T. Preston, Esq. | 1 page Distribution | a/c, w/p |
| 11/17/04 | P. Cox | T. Preston, Esq. | 1 page Distribution | a/c, w/p |
| 11/11/04 | T. Preston, Esq. | P. Cox | 2 pages letter from Fenton | a/c, w/p |
| 12/29/04 | T. Preston, Esq. | R. Salad, Esq. | 2 pages re Cox/Highview (one page missing) | a/c, w/p |
| 12/16/04 | P. Cox | R. Salad, Esq. | 1 page letter from T. Preston | a/c, w/p |
| 12/15/04 | R. Salad, Esq. | T. Preston, Esq. | 3 pages draft letter | w/p |
| 12/15/04 | R. Salad, Esq. | T. Preston, Esq. | 2 pages draft letter | w/p |
| 12/15/04 | T. Preston, Esq. | R. Salad, Esq. | 2 pages draft letter | w/p |
| 12/15/04 | R. Salad, Esq. | P. Cox | 1 page re assurances | w/p, a/c |
| 1/31/05 | P. Cox | B. Hutcheon | 1 page re Lynch e mail | w/p, a/c |
| 12/22/04 | T. Preston, Esq. | W. Fenton, Esq. | 2 pages Draft | w/p |
| 1/25/05 | T. Preston, Esq. | W. Fenton, Esq. | 2 pages Draft | w/p |
| 1/26/05 | P. Cox | P. Clark, Esq. | 1 page draft letter | a/c, w/p |
| 1/12/05 | R. Salad, Esq. | P. Clark, Esq. | 2 pages re litigation | a/c, w/p |

5

## PRIVILEGE LOG

### Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
### File No. 50,675-1

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|---|---|---|---|---|
| 1/05 | P. Cox | Unknown | 2 pages settlement review | w/p |
| 2/1/05 | T. Preston, Esq. | P. Cox | 2 pages re proposal from Lynch | w/p, a/c |
| 2/1/05 | P. Cox | T. Preston, Esq. | 1 page without prejudice proposal | w/p, a/c |
| 2/3/05 | P. Cox | T. Preston, Esq. | 1 page re discussions | w/p, a/c |
| 2/3/05 | P. Cox | T. Preston, Esq. | 2 pages re applications | w/p, a/c |
| 3/9/05 | T. Preston, Esq. | P. Cox | 2 pages re meeting | w/p, a/c |
| 5/24/05 | R. Salad, Esq. | P. Cox | 3 pages status | w/p, a/c |
| 5/24/05 | T. Preston, Esq. | P. Cox | 2 pages re litigation | w/p, a/c |
| 5/24/05 | P. Cox | T. Preston, Esq. | 1 page litigation | w/p, a/c |
| 6/14/05 | P. Clark, Esq. | P. Cox | 2 pages Cert. of Incorp | w/p |
| 6/17/04 | P. Cox | G. Guarton, Esq. | 1 page documentation | a/c, w/p |
| 7/12/04 | P. Cox | R. Salad, Esq. | 1 page negotiations | a/c |
| 6/9/06 | P. Cox | | 2 pages summary | w/p, a/c |
| 10/11/04 | P. Cox | I. Best | 3 pages summary | w/p |
| 10/12/04 | I. Best | P. Cox | 1 page summary | w/p |
| 12/22/04 | T. Preston, Esq. | W. Fenton, Esq. | draft of 2 page letter | w/p |
| 1/25/05 | T. Preston, Esq. | W. Fenton, Esq. | draft of 4 page letter | w/p |
| 6/23/06 | P. Cox | K. Thornton, Esq. | 1 page letter with attachments | a/c |
| 6/8/06 | P. Cox | K. Thornton, Esq. | 10 page outline of litigation | a/c |

# PRIVILEGE LOG

Lynch v. Coinmaster USA, Inc. and Paul A. Cox v. Auto Gaming, Inc.
**File No. 50,675-1**

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|---|---|---|---|---|
| 6/15/06 | P. Cox | T. Preston, Esq. | 1 page litigation update | a/c |
| 6/7/06 | P. Cox | R. Salad, Esq. | 1 page update | a/c |
| 6/10/06 | P. Cox | R. Salad, Esq. | 1 page update | a/c |

CLAC; 105723.1

7

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | C.A. No. 06-365 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## NOTICE OF SERVICE

I, Kevin A. Guerke, Esquire, do hereby certify that on this 27th of June, 2007, I served

Plaintiff's Second Set of Interrogatories and Requests for Production of Documents Directed to

Defendants via first class mail, postage prepaid upon the following counsel of record:

Thomas P. Preston, Esq.
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 Market Street
Wilmington, DE  19801-4226

Erin K. Brignola, Esq.
Cooper Levenson April Nieldelman
& Wagenheim P.A.
30 Fox Hunt Drive
Bear, DE  19701

57517 v1

SEITZ, VAN OGTROP & GREEN, P.A

*/s/ Kevin A. Guerke*

/s/ Kevin A. Guerke
**JAMES S. GREEN, SR., ESQ. (DE0481)**
**KEVIN A. GUERKE, ESQ. (DE2747)**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
         Attorneys for Plaintiff

Dated:  June 27, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | C.A. No. 06-365 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS
## FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff hereby requests that

Defendants answer under oath the following Interrogatories and respond to the following

Requests for Production.

### INSTRUCTIONS

1.    These Interrogatories and Requests are continuing interrogatories and

requests and require supplementation as the answering party obtains further information relating

to the answers or responses provided herein.

2.    If any Interrogatory or Request, or portion thereof, cannot be answered

fully, the Interrogatory or Request shall be answered to the extent possible and the response shall

set forth the reasons for the failure to answer more fully.

     3.    If any document or other material required to be identified in response to these Interrogatories or produced under the Requests is something which you claim to be protected on the basis of the attorney/client, work product or other privilege, you are requested to: (a) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent or shown; (b) specify the date on which the document or material was prepared or transmitted; (c) identify the subject matter of the document or material; (d) describe the nature of the document (e.g., letter, telegram, etc.); (e) state briefly why the document or other material is claimed to be privileged or to constitute work product; and, (f) state the paragraph of this request to which the document relates.

     4.    If a portion of an otherwise responsive document or other material contains information subject to a claim of privilege, those portions of the document or other material subject to the claim of privilege shall be deleted or redacted from the document or material and the rest of the document or material shall be produced.

     5.    Where the answer to an Interrogatory requires the identification of documents, it shall be sufficient to answer such Interrogatory by supplying copies of the documents. However, if any of the aforementioned documents cannot be produced because they have been lost or destroyed or otherwise disposed of, you are requested to: (a) describe in detail the nature of the document and its contents; (b) identify the person who prepared or authorized the document or material and, if applicable, the person to whom the document was sent and indicated or blind copies; (c) specify the date on which the document was prepared or transmitted; and, (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the circumstances of and reasons for such destruction and the persons requesting or performing that destruction.

## DEFINITIONS

1.     The terms "you" and "your", refer to the answering Defendant, Paul A. Cox or Coinmaster USA, Inc., and shall include you as the defendant, your attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on your behalf.

2.     The term "Plaintiff" or "Lynch", means and refers to Plaintiff Daniel Anthony Lynch and his attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on his behalf.

4.     The term "CMUSA", and any derivative thereof, means and refers to Defendant Coinmaster USA, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

5.     The term "High View", and any derivative thereof, means and refers to High View, Inc., and its attorneys, agents, servants, employees, officers, representatives or any competent firm or person acting on its behalf.

6.     The term "Contract" means and refers to the Lynch and CMUSA agreement that is attached to the Complaint as Exhibit "A".

7.     The term "Complaint" means and refers to the complaint filed by Plaintiff now pending in the U.S. District Court for the District of Delaware, Daniel Anthony Lynch v. Coinmaster USA, Inc. and Paul A. Cox, C.A. No. 06-365, and any subsequent amendments thereto.

8.     The term "document" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written or other recorded, graphic or photographic matter of any kind or character whether produced or reproduced, and includes, without limiting the generality of the foregoing, all photographs, letters, emails, telegrams,

3

teletypes, correspondence, contracts, agreements, drafts, proofs, workpapers, applications, financial statements, resumes, notes to files, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, computer programs, tapes or discs, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, transcripts, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, bills and invoices, including originals and copies of any of the foregoing, whether typed, printed, handwritten or on tape or otherwise recorded, and any material underlying, supporting, or used in the preparation of any such document. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were identical but found in different files, not identical, or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is a separate document.

9.     The term "statement" means and refers to any verbalizations and includes testimony given in connection with the instant litigation.

10.     The term "relates to" or any derivative thereof, as used herein, means: constitutes, refers to, reflects, concerns, pertains to, or in any way logically or factually connects with the matter described in the request.

11.     The term "person", as used herein, means:     an individual, firm, corporation, partnership, sole proprietorship, association or other legal or governmental entity, including any divisions or departments within any of the aforementioned.

12.     The term "communication" means any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements

and understandings, whether transmitted in person or by an electronic device such as telephones or radio, and documents, as defined above.

13.    The term "identify", when used in reference to a natural person or other legal entity, means:

(a)    With respect to a natural person:

(i)    state the person's full name;

(ii)    state the person's present or last known business and residence addresses; and

(iii)    state the person's present or last known position and business affiliations.

(b)    With respect to a legal entity other than a natural person, such as a corporation, partnership, joint venture or group:

(i)    state its full name;

(ii)    state the present or last known address of its principal place of business or its principal office;

(iii)    in the case of a corporation, set forth the State of its incorporation; and

(iv)    in the case of an entity other than a corporation, identify each and every person having an ownership therein.

14.    The term "identify", when used in reference to an event or occurrence, including a communication, meeting or statement, means:

(a)    State the time and date of the event or occurrence.

(b)    State the nature of the event or occurrence (e.g., telephone call, meeting, deposition, etc.).

5

(c)    Specify the place where the event or occurrence took place.

(d)    Identify every participant in the event or occurrence.

(e)    Identify every non-participating witness to the event or occurrence.

(f)    Identify the person or persons of whom each and every participant and witness was a representative or agent.

(g)    Identify each and every document, whether predating, postdating or contemporaneous with the event or occurrence, describing, referring to, used in connection with, or otherwise relating to such event or occurrence.

(h)    Describe the event or occurrence and, if it was a meeting, communication or statement, state the substance of the matters communicated or discussed.

15.    The term "identify", when used in reference to a document, means:

(a)    State the type of document (e.g., contract, letter, report, etc.) or some other means of distinguishing the document, the date of the document or, if undated, the date of preparation of the document, author(s), title (if any), the content of the document, and the number of pages.

(b)    Identify each and every person who prepared or participated in the preparation (a "preparer") of the document.

(c)    Identify the person or persons of whom each and every author and preparer was a representative.

(d)    If the document exists, state the present location(s) of the document.

(e)    If the document does not exist, state the disposition of the document.

(f)    Identify each and every person to whom the document was

6

addressed, shown or sent (addressees) and each and every person who has or ever had possession, custody or control of the document, and for each such person state the date on which it was sent, shown or on which possession, custody or control began and ended.

(g)    State whether any copy of the document differs from the original by reason of shorthand or other written notes or any other modification.

(h)    If the document has an identifying number, state the identifying number; if the document has been marked for identification in any deposition conducted in the instant action, state the identification number of each copy of the document.

16.    "Describe" means:    (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law; and (b) where applicable, particularize as to:  (i) time, (ii) date, and (iii) manner; (c) identify each and every person having personal knowledge of such facts.

16.    Unless otherwise indicated in the Interrogatories or Requests, the singular includes the plural and the plural includes the singular.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory or Request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

## INTERROGATORIES

1.      Describe how you obtained the resignation letter produced as part of your

Answers to Plaintiff's First Set of Interrogatories and Requests for Production.

**ANSWER:**

2.      Identify all experts whose opinion may be presented at trial and for each state:

   a.      The subject matter on which the expert is expected to testify;

   b.      The substance of the facts and opinions to which the expert is expected to

testify;

   c.      A summary of the grounds for each opinion of the expert;

   d.      Whether the expert has prepared any report or other matter in writing

related to his opinions or the facts on which they are based; and,

   e.      A brief chronological resume of the expert's educational and professional

background, including publications and the associations or societies of which he is a member.

**ANSWER:**

3.      Identify all sales or transfers of CMUSA stock, including the parties involved in

the transaction, the number of shares sold or transferred, the date of the sale or transation, and the

price paid for each share of stock.

**ANSWER:**

4.      Identify all CMUSA gaming licenses CMUSA ever held.

**ANSWER:**

8

## REQUESTS FOR PRODUCTION

Please produce the following documents:

5.     All communications between you and Plaintiff.

**RESPONSE:**


6.     All communications between you and Brad Hutcheon.

**RESPONSE:**


7.     All communications between you and Kellie Baker.

**RESPONSE:**


8.     All communications between you and Rory Allin.

**RESPONSE:**


9.     All documents and communications related to the receiver, Ernst & Young, or any of its representatives, agents, and employees.

**RESPONSE:**


10.     All documents and communications related to Coinmaster Gaming Products Limited.

**RESPONSE:**

11.    All documents and communications related to Coinmaster Gaming PLC.

**RESPONSE:**


12.    All documents and communications related to elections, appointments, and resignations for CMUSA.

**RESPONSE:**


13.    All documents and communications related to CMUSA.

**RESPONSE:**


14.    All documents you may rely on at trial.

**RESPONSE:**


15.    All documents related to the Devices identified in your Counterclaim and/or Third-Party Complaint.

**RESPONSE:**


16.    All documents filed with the Delaware Secretary of State related to CMUSA.

**RESPONSE:**


17.    All documents filed with the Delaware Secretary of State related to High View.

**RESPONSE:**

18.     All documents related to CMUSA's profits and losses, including, but not limited to financial records, ledgers, income statements, assets and liability documents, State and Federal tax returns, and bank records and statements.

**RESPONSE:**

19.     All documents related to High View's profits and losses, including, but not limited to financial records, ledgers, income statements, assets and liability documents, State and Federal tax returns, and bank records and statements.

**RESPONSE:**

20.     All documents and communications related to the sale or transfer of any shares of CMUSA stock.

**RESPONSE:**

21.     All documents relied on or referenced in your Answers to Interrogatories attached.

**RESPONSE:**

**SEITZ, VAN OGTROP & GREEN, P.A**

/s/ Kevin A. Guerke

JAMES S. GREEN, SR., ESQ. (DE0481)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600

Dated: June 27, 2007                Attorneys for Plaintiff

11

# EXHIBIT F

# SEITZ, VAN OGTROP & GREEN, P.A.

### ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

Writer's Direct Dial:  (302) 888-7607
Writer's E-Mail Address:  kguerke@svglaw.com
www.lawyers.com/svglaw

(302) 888-0600
FAX: (302) 888-0606

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

September 10, 2007

**VIA E-MAIL & FIRST CLASS MAIL**

Thomas P. Preston, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE  19801-4226

Kevin J. Thornton , Esq.
Cooper Levenson April Niedelman
    & Wagenheim, P.A.
1125 Atlantic Avenue
Atlantic City, NJ  08401

RE:    *Daniel Anthony Lynch v.*
       *Coinmaster USA, Inc. and Paul A. Cox v.*
       *Auto Gaming, Inc.*
       United States District Court of Delaware
       C.A. No. 06-365 JJF

Dear Tom and Kevin:

Although it was a good idea to explore settlement through the exchange of information, it appears we are no closer to resolving this case. We have not received a settlement proposal from your client and Mr. Lynch is not willing to dismiss his claims. Therefore, we need to press on and complete discovery. I propose we respond to all outstanding discovery, including my request for supplementation, by Friday, September 28, 2007. Please let me know if that date is acceptable.

Please also provide dates your client is available to have his deposition taken in Delaware. I will provide dates from my client as well. I intend also to take Kelli Baker's deposition in Florida as soon as practical.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Kevin A. Guerke

KAG/sp
cc:    Daniel Anthony Lynch, Esq. (via e-mail)
       James S. Green, Esq. (firm)

60574 v1

# EXHIBIT G



Slip Copy

Page 1

Slip Copy, 2006 WL 2439842 (D.Del.)
**(Cite as: Slip Copy)**

Pettingill v. Caldwell
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Samantha PETTINGILL, et al., Plaintiffs,
v.
John CALDWELL, Delaware Society for the
Prevention of Cruelty to Animals, and John Saville,
Defendants.
**No. CIV A. 05-224-JJF.**

Aug. 21, 2006.

Karen V. Sullivan, Oberly, Jennings & Rhodunda,
PA, Wilmington, DE, for Plaintiffs.
Daniel P. Bennett, Heckler & Frabizzio,
Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*
FARNAN, J.
*1 On June 20, 2006, the Honorable Sue L.
Robinson, ordered Defendant, the Delaware Society
for the Prevention of Cruelty to Animals (the "
Delaware SPCA"), to submit for *incamera* review,
the minutes of its Board of Directors meetings from
May 2003 through May 2005, to determine whether
the minutes contained material protected by either
the attorney-client privilege or work product
doctrine. On August 8, 2006, the above-captioned
case was reassigned to me.

The contents of a communication determine
whether the attorney-client privilege applies. *Pfizer,
Inc. v. Ranbaxy Labs., Ltd.,* 2004 WL 2323135,
*1-2 (D.Del. Oct.7, 2004). Only communications
made for the purpose of obtaining or giving legal
advice are protected. *Id.* (citing *Andritz
Sprout-Bauer, Inc. v. Beazer East, Inc.,* 174 F.R.D.
609, 632 (M.D.Pa.1997)). However, the privilege
does not attach simply because the communication
was uttered by or to an attorney or an attorney's
agent. Rather, the party invoking the attorney-client

privilege must prove: (1) the asserted holder of the
privilege is or sought to become a client; (2) the
person to whom the communication was made (a) is
a member of the bar of a court, or his subordinate
and (b) in connection with the communication is
acting as a lawyer; (3) the communication related to
a fact of which the attorney was informed (a) by his
client, (b) without the presence of strangers (c) for
the purpose of securing primarily either (i) an
opinion on law or (ii) legal services or (iii)
assistance in some legal proceeding and not (d) for
the purpose of committing a crime or tort; and (4)
the privilege has been (a) claimed and (b) not
waived by the client. *Id.*

Attorney work product includes documents
prepared by counsel, or at counsel's direction, in
preparation for trial or in anticipation of litigation.
*Id.* Pursuant to Federal Rule of Civil Procedure
26(b)(3), attorney work product is not discoverable
absent a showing of substantial need, undue
hardship, or inability to obtain the substantial
equivalent by other means. In addition, Rule
26(b)(3) protects against the disclosure of the
mental impressions, conclusions, opinions, or legal
theories of an attorney or other representative of a
party concerning litigation or anticipated litigation.

I have reviewed the minutes submitted by the
Delaware SPCA and conclude that the Delaware
SPCA has not established that the minutes are
protected by the attorney-client privilege or the
work product doctrine. The arguably legal
information contained in the minutes pertains to
such general factual matters as scheduling and the
results of certain legal proceedings and does not
include the mental impressions, conclusions,
opinions or legal theories of attorneys representing
the Delaware SPCA. The Delaware SPCA
specifically directs the Court to the comments of
Ms. Law, who is both an attorney and a member of
the Board of the Delaware SPCA. However, the
Delaware SPCA has not established that it is a
client of Ms. Law, or that Ms. Law was functioning

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2439842 (D.Del.)
**(Cite as: Slip Copy)**

as or was consulted as an attorney for the provision
of legal advice when she offered her "suggestion"
to the Board. Further, Ms. Law's "suggestion"
recorded in the minutes is of such a general nature,
that I cannot conclude that her advice was legal, as
opposed to general business advice.

**\*2** In sum, I find that the disputed material does not
fall within the protection of the attorney-client
privilege or work product doctrine. In addition, I
am persuaded that the challenged documents are
reasonably calculated to lead to the discovery of
admissible evidence, and therefore, they meet the
minimum requirements for relevance under Federal
Rule of Civil Procedure 26(b)(1). Accordingly,
Defendant, the Delaware SPCA, shall produce to
Plaintiffs, the minutes of its Board of Directors
meetings from May 2003 through May 2005 no
later than Friday, August 25, 2006.
It is so ordered.

D.Del.,2006.
Pettingill v. Caldwell
Slip Copy, 2006 WL 2439842 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL ANTHONY LYNCH, | ) | |
| | ) | C.A. No. 06-365 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COINMASTER USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| PAUL A. COX, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO GAMING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**ORDER**

AND NOW, to wit:  this ___ day of _____, 2007, the Court having heard the Plaintiff

Daniel Anthony Lynch and Third-Party Defendant Auto Gaming, Inc.'s Motion to Compel and

the arguments of counsel thereon, and being of the opinion that relief should be granted, it is

hereby ORDERED:

1.    That Defendants Coinmaster USA, Inc. and Paul A. Cox shall fully respond to

Plaintiff Daniel Anthony Lynch and Third-Party Defendant Auto Gaming, Inc. First Set and

Second Set of Discovery within ___ days of the date of this Order;

2.    That Defendants Coinmaster USA, Inc. and Paul A. Cox shall provide all

documents related to the Receiver, including the previously withheld documents, within ___

days of the date of this Order;

61854 v1

3.     That the time within which Plaintiff Daniel Anthony Lynch and Third-Party Defendant Auto Gaming, Inc. may file dispositive motions is extended to _____.

4.     That Defendants Coinmaster USA, Inc. and Paul A. Cox shall pay Plaintiff Daniel Anthony Lynch and Third-Party Defendant Auto Gaming, Inc.'s reasonable costs and attorneys' fees in the amount of $_____ within ____ days of the date of this Order; and

_____
The Hon. Joseph J. Farnan, Jr.

2

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1</u>

I, KEVIN A. GUERKE, do hereby certify that I have attempted to reach agreement on the subject of the attached Motion to Compel as follows:

Plaintiff counsel's attempts to reach agreement on the discovery requests are outlined in the within Motion in addition to numerous teleconferences and e-mail correspondence.


/s/ Kevin A. Guerke
Kevin A. Guerke, Esq. (DE4096)
kguerke@svglaw.com

58902 v1